Stanley David **PETERS**, Petitioner-Appellant,

v.

Raymond L. **GRAY**, Respondent-Appellee.

No. 73-1720.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 13, 1974.

Decided March 29, 1974.

James R. Glover, Madison, Wis., for petitioner-appellant.

Robert W. Warren, Atty. Gen., William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent-appellee.

Before HASTINGS, Senior Circuit Judge, and CUMMINGS and STEVENS, Circuit Judges.

PER CURIAM.

This is an appeal from a decision of the United States District Court for the Western District of Wisconsin which denied appellant's petition for a writ of habeas corpus. The facts are stipulated. Judge Doyle's summary of them is as follows:

Petitioner and a companion were arrested and charged with burglary and theft in January, 1970. At their initial appearance in County Court for Columbia County, Wisconsin, on January 12, 1970, both men were found to be indigent. The court appointed one lawyer, Lewis Charles, to represent them both. A joint preliminary examination was held on January 20, 1970.

Soon after the lawyer was appointed, petitioner told him that he was dissatisfied with him.

It later developed that petitioner wanted a jury trial, but that his companion wished to waive his right to trial by jury. Their lawyer accordingly met with the presiding judge in chambers, prior to the arraignment of the two men, telling the judge that he believed the difference in opinion between the two men as to the form of the trial raised the possibility of a conflict of interest; that he wished to be relieved of the representation of one of the two men and that since petitioner had expressed dissatisfaction with his services whereas petitioner's companion had not, he believed he should be relieved of the representation of petitioner. The presiding judge told the lawyer that he agreed that there might be a conflict of interest; that he would relieve him of the representation of one client; that it was not his policy to grant requests for changes of appointed counsel; that the lawyer was appointed first to represent

petitioner; and therefore, he would appoint new counsel for petitioner's companion.

At the arraignment which followed on January 28, 1970, petitioner asked the judge for the appointment of new counsel. The judge asked, 'On what grounds?' Petitioner answered:

Well, I would like to get another legal opinion; and I feel that we are incompatible as to the line of defense.

Without inquiring further into the nature of petitioner's disagreement with his appointed counsel, the judge denied his request, saying:

Well, I feel that Mr. Charles is a capable lawyer, and will advise you of your rights, and do nothing that would not be compatible with your desires in this matter; so, I would deny your request; and we'll proceed with the arraignment.

After petitioner's request for a different lawyer was denied, petitioner pleaded not guilty and demanded a jury trial. His lawyer then asked for and was granted permission to withdraw as counsel for petitioner's companion.

On March 11, 1970, the state moved to dismiss the charge of theft against petitioner and petitioner pleaded guilty to the charge of burglary. On March 23, 1970, petitioner was sentenced to a term of five years in prison.

At petitioner's initial appearance, bail had been set for him in the amount of $2,000. Petitioner had been unable to raise the amount required and had remained confined until he was convicted.

When petitioner had been arrested, he and his companion were in petitioner's automobile. A search of the automobile at the scene of the arrest revealed a number of rifles and shotguns underneath the folded down back seat of petitioner's car. The guns were later identified as guns taken from Thompson Electric Motor Service, the scene of the burglary and theft with which the two

men were charged. At the preliminary examination one of the arresting officers testified that after removing petitioner and his companion from petitioner's car, he reached into the front seat to remove an open can of beer from the floor and noticed the butts of several rifles or shotguns protruding from underneath the folded down back seat. Petitioner told his lawyer that the arresting officer was not telling the truth; that the guns could not have been visible to someone reaching into the front seat. Petitioner's lawyer verified to his own satisfaction that the arresting officer was telling the truth.

Petitioner's companion was tried without a jury on February 13, 1970. Prior to the trial, the motion to suppress the evidence seized as a result of the search of petitioner's car was denied following a hearing. He was found guilty of both burglary and theft.

Petitioner asked his lawyer to file motions to suppress evidence seized in the search of his car, and for change of venue, and an affidavit of prejudice against the presiding judge. His lawyer refused because he did not believe there was a basis for any of the motions.

Petitioner's lawyer met with the prosecutor and reached a plea bargain to the effect that if petitioner would plead guilty to the burglary charge, the state would move to dismiss the theft charge and would not oppose the recommendation of petitioner's lawyer for probation.

Petitioner was informed by his lawyer of the plea bargain conference, was told that his chances of acquittal were not good, and was advised to plead guilty."[1]

Appellant does not contend that he was denied effective assistance of counsel.[2] Nor can his argument be fairly characterized as a claim that he was denied a right to be represented by counsel of his choice, since there is nothing in the record to indicate that he wanted to be represented by any specific identifiable lawyer. See United States.

1. Memorandum Opinion at 1–3.

2. The case is therefore unlike United States v. Woods, 487 F.2d 1218 (5th Cir. 1973).

v. Bergamo, 154 F.2d 31 (3d Cir. 1946). He contends that the state was required to appoint a different lawyer for him since he had advised the trial judge that he was dissatisfied with his counsel and the record does not disclose any acceptable reason for the judge's refusal to appoint another lawyer for him. He stresses his status as an indigent, and argues that "respect for the dignity of the individual" [3] justifies the relief he seeks.

We may assume that the reason given by the judge for refusing to substitute counsel—namely that appellant's lawyer had been appointed to represent him before he was appointed to represent his codefendant—was so insubstantial as to be the equivalent of no reason at all, and therefore properly characterized by appellant as "arbitrary." [4] Nevertheless, appellant is not entitled to have a federal court revise that decision unless he has established that he was deprived of a federal constitutional right. It is, of course, well settled that a state court may err without offending the Federal Constitution. Since appellant received the effective assistance of counsel, and since there is no suggestion that the trial was fundamentally unfair,[5] there is no basis for finding a violation of the Due Process Clause or of the Sixth Amendment as it applies to states by reason of the Fourteenth Amendment. The mere fact that an indigent defendant advises a state trial judge that he is dissatisfied with his lawyer—when that advice is not supported by facts raising questions of fairness or of the adequacy of counsel's representation—does not require the judge either to appoint another lawyer or to justify his refusal to do so. The Federal Constitution does not require state judges to follow every procedure that we might consider desirable. Since appellant did not establish any constitutional right to different counsel, we adopt as our own the following language from Judge Doyle's Memorandum Opinion:

"It may well be advisable, any time a defendant in a criminal proceeding makes a specific request for a change of appointed counsel, that the presiding judge made an inquiry, on the record, into the reasons for the request. If he finds that the dissatisfaction is genuine and that a change of counsel at that point is practicable and will not unreasonably impede judicial processes, he can make a new appointment. On the other hand, if he finds to his satisfaction that the defendant's objections to his appointed counsel are made as a maneuver to delay his trial or otherwise to frustrate orderly judicial processes, he can deny the request for a change of counsel. I do not think, however, that such a procedure is required under the Constitution of the United States.

I am not persuaded that a court's refusal to change appointed counsel for an indigent in the absence of specific allegations or evidence of ineffectiveness is an unconstitutional interference with a defendant's Sixth Amendment right to counsel or that it is comparable to the unreasonable disregard of a defendant's right to obtain private counsel shown in the cases cited by petitioner." [6]
The judgment is

Affirmed.

---

3. *See* People v. Crovedi, 65 Cal.2d 199, 53 Cal.Rptr. 284, 417 P.2d 868, 873 (1966). Appellant has not indicated that his disagreements with counsel caused him to mistrust counsel, so that any right to confidence in counsel was not affected.

4. Appellant properly argues that this case is, therefore, different from United States v. Hampton, 457 F.2d 299 (7th Cir. 1972), where the criminal defendant's objection to his appointed counsel was not voiced until the eve of trial.

5. See Gagnon v. Scarpelli, 411 U.S. 778, 790, 93 S.Ct. 1756, 36 L.Ed.2d 656.

6. Memorandum Opinion at 5–6.