**OVERNITE TRANSPORTATION CO., Plaintiff,**

v.

**CHICAGO INDUSTRIAL TIRE CO., Defendant.**

**No. 81 C 0747.**

United States District Court,
N. D. Illinois, E. D.

March 11, 1982.

---

See also 7 Cir., 668 F.2d 274.

Themis N. Anastos, Chicago, Ill., for plaintiff.

Jeffrey Keck, Bloom & Tese, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This matter is before the Court on defendant Chicago Industrial Tire Company's motion for award of $1,392.50 in excess costs from either or both of the attorneys representing plaintiff, Overnite Transportation Company, pursuant to 28 U.S.C. § 1927. Defendant's motion is predicated on the theory that plaintiff's filing of this lawsuit in federal court, its opposition to defendant's motion to dismiss, and its appeal of the district court's decision to the Seventh Circuit despite an obvious absence of subject matter jurisdiction constituted an unreasonable and vexatious multiplication of proceedings entitling defendants to re-

covery of fees and expenses. Because the Court agrees with this assessment, it will grant defendant's motion for award of excess costs.

This lawsuit was initiated by plaintiff in the Circuit Court of Cook County to recover $2,243.72 from the defendant as the result of an alleged billing error in the shipment of forty wheels from Hubs and Wheels, Inc. of Saltville, Virginia, to the defendant. Plaintiff also initiated a similar action in federal district court alleging that Chicago Industrial Tire Company, as cosignee of the goods shipped, was unjustly enriched by the billing error. Although plaintiff sought only $2,210.00 in damages, it alleged jurisdiction "based on the Interstate Commerce Act, 49 U.S.C. Section 1, *et seq.*" This Court dismissed the complaint for lack of subject matter jurisdiction observing that the "subject of controversy in the present case . . . is the contract price of the goods shipped, a matter not in itself regulated by the Interstate Commerce Act." *Overnite Transportation Co. v. Chicago Industrial Tire Co.*, 81 C 0747 (June 16, 1981).

Plaintiff subsequently appealed the district court's dismissal to the Seventh Circuit. The Court of Appeals affirmed this Court's decision on the ground that even if the Interstate Commerce Act did apply, which it did not, federal jurisdiction would exist pursuant to 28 U.S.C. § 1337(a) (Supp. 1981) "only if the matter in controversy for each receipt or bill of lading exceeds $10,-000, exclusive of interest and costs." *Overnite Transportation Co. v. Chicago Industrial Tire Co.*, 668 F.2d 274 at 275 (7th Cir. 1981). Plaintiff's claim of $2,210 obviously falls well short of this statutory requirement.

The vexatious character of plaintiff attorney's conduct in initiating this lawsuit in federal court and appealing its dismissal is manifest from the record. The statute from which plaintiff originally asserted jurisdiction was clearly inapplicable. Even if the Interstate Commerce Act did apply, the express terms of 28 U.S.C. § 1337(a) would have prevented this Court from exercising jurisdiction in any event over a $2,210.00

claim. Plaintiff's purported reliance on *Madler v. Artoe*, 494 F.2d 323 (7th Cir. 1974), to support its jurisdictional theory is equally unpersuasive. In contrast to the present case, *Madler* was brought prior to the amendment establishing $10,000 as the jurisdictional amount under 28 U.S.C. § 1337(a). The *Madler* plaintiff, unlike the plaintiff in this case, was the assignee of a cause of action under an express provision of the Interstate Commerce Act. After reviewing *Madler* for the second time, this Court cannot discern any colorable argument upon which jurisdiction could be asserted in this action.

There is a difference between advancing an unlikely claim and repeatedly asserting a jurisdictional argument which has no basis in law. Unfortunately, the conduct of plaintiff's trial attorney and its attorney before the Seventh Circuit fall into this latter category. Accordingly, this Court will grant defendant's motion to award excess costs.

In an effort to apportion the costs of this litigation to the attorney most responsible for its character, this Court will direct plaintiff's trial attorney to pay 75 percent of defendant's costs and its appellate attorney 25 percent of such costs. Thus, Themis N. Anastos is directed to pay defendants $1,044.38 and Paul E. Peldyak is directed to pay defendants $348.12 pursuant to this motion. It is so ordered.