Andrew FLOWERS, Petitioner, Appellant,

v.

Michael FAIR, Respondent, Appellee.

No. 82–1050.

United States Court of Appeals, First Circuit.

Argued May 7, 1982.

Decided June 8, 1982.

Certiorari Denied Oct. 18, 1982.
See 103 S.Ct. 262.

Owen S. Walker, Federal Defender, Boston, Mass., for appellant.

Linda G. Katz, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Stephen R. Delinsky, Chief, Crim. Bureau, Barbara A. H. Smith, Asst. Atty. Gen., Chief, Crim. Appellate Div., and Lisa Demasi, Boston, Mass., were on brief, for appellee.

Before CAMPBELL, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

Andrew Flowers appeals from the denial by the district court of his petition for habeas corpus brought pursuant to 28 U.S.C. § 2254. He asserts that his constitutional rights to a speedy trial and to effective assistance of counsel were violated in his 1976 trial in a Massachusetts superior court for the armed robbery of a Radio Shack store. We affirm the district court's decision.

■ While it is true that 19 months passed between Flowers's indictment and his final trial, the district court found, based upon a careful review of the record, that this was not caused by deliberate delay on the part of the Commonwealth of Massachusetts. We agree. The worst that can be said of the state is that it lost track of the case while successfully prosecuting Flowers on two other separate robbery charges and a kidnapping indictment. Flowers, meanwhile, contributed somewhat to the delay of his own case by discharging his first court-appointed counsel. In addition, Flowers failed to raise any speedy trial objection until some 16 months after his indictment, though the record at least suggests that either he or his attorney (or both) were aware of the indictment much earlier. Finally, and perhaps most importantly,

Flowers's only claim of prejudice is a belated, uncorroborated assertion that an alibi witness was lost to him as a result of the delay. In view of the strong evidence presented against Flowers at trial, however, it is mere conjecture whether this witness, should she have actually existed, would have created a reasonable doubt where none existed in the jury's mind. Nor was Flowers prejudiced by loss of liberty. Because of his other crimes, Flowers would have remained incarcerated throughout the period at issue here regardless of the delays in his trial for the Radio Shack robbery. In light of these considerations, we think the district court correctly balanced the four factors of length and reason for delay, timely assertion of the right, and possible prejudice articulated in *Barker v. Wingo*, 407 U.S. 514, 532, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972), and supportably found that no speedy trial right was implicated.

■ On Flowers's sixth amendment right to counsel claim, we agree with the district court that there is no mechanistic constitutional requirement that trial courts conduct extensive inquiries into the reasons why a defendant may wish to discharge appointed counsel on the eve of trial when the defendant himself offers no specific complaints of his lawyer's service. *See Maynard v. Meachum*, 545 F.2d 273, 277 (1st Cir. 1976); *Peters v. Gray*, 494 F.2d 327, 329 (7th Cir. 1974). Moreover, in this case the Superior Court ultimately inquired of the appointed counsel regarding his degree of preparation, warned Flowers of the dangers of proceeding *pro se*, and was satisfied enough with his inquiry to make a specific record finding near the end of the trial that Flowers sought only delay with this tactic. We thus find no constitutional violation under the circumstances here present.

*Affirmed.*