OVERNITE TRANSPORTATION
CO., Plaintiff,

v.

CHICAGO INDUSTRIAL TIRE CO.,
Defendant-Appellee.

Appeal of Themis N. ANASTOS and
Paul E. Peldyak.

No. 82–1597.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 29, 1982.

Decided Jan. 13, 1983.

See also 7 Cir., 668 F.2d 274.

Themis N. Anastos, Paul E. Peldyak, Chicago, Ill., for plaintiff.

Jeffrey J. Keck, Bloom & Tese, Chicago, Ill., for defendant-appellee.

Before CUMMINGS, Chief Judge, COFFEY, Circuit Judge, and HILL,* Senior District Judge.

COFFEY, Circuit Judge.

This is an appeal from the district court's order granting the defendant's motion for attorney's fees and costs pursuant to 28 U.S.C. § 1927. The district court found that the plaintiff's filing of a lawsuit in federal court and the appeal of its dismissal were multiplicious and vexatious in nature.

The facts underlying this case are fully set forth in *Overnite Transportation Co. v. Chicago Industrial Tire Co.,* 668 F.2d 274 (7th Cir.1981) and are not in dispute. Therefore only those facts that have a bearing upon this appeal will be discussed herein.

On April 16, 1979, Hub and Wheels, Inc. of Saltville, Virginia delivered forty wheels to Overnite Transportation Co. of Richmond, Virginia for a C.O.D. ($2,243.72) shipment to Chicago Industrial Tire Co.[1] Upon reaching Louisville, Kentucky, Overnight Transportation transferred the wheel shipment to American Freight Systems, Co. and gave American Freight a freight bill dated April 17, 1979. However, the freight bill prepared by Overnite inadvertently made no reference to the C.O.D. charge of $2,243.72, but merely listed a freight charge of $118.82. On April 26, 1979 American Freight delivered the forty wheels to Chicago Industrial Tire Co. and collected the $118.82 freight charge.

---

* The Honorable Irving Hill, Senior District Judge of the Central District of California, is sitting by designation.

1. The $2,243.72 figure represented a C.O.D. charge for $2,210.00 for the wheels and a collection charge of $33.72.

After discovering the error, Overnite sent Chicago Industrial Tire a notice of "freight bill correction" and sought recovery of the C.O.D. charges. Chicago Industrial Tire refused to pay, and in accordance with its obligations under the original bill of lading, Overnite Transportation was forced to pay Hub and Wheels, Inc. the uncollected C.O.D. charge. Thereafter, on May 27, 1980 Overnite brought suit in the Cook County, Illinois Circuit Court against Chicago Industrial Tire for the unpaid C.O.D. charge of $2,243.72. Overnite's original and amended complaints were dismissed for the failure to state a claim upon which relief could be granted. Overnite then filed an action on February 12, 1981 in the United States District Court for the Northern District of Illinois asserting federal jurisdiction "based on the Interstate Commerce Act 49 U.S.C. Section 1, et seq., as this action arises out of the shipment of goods in Interstate Commerce." The district court granted the defendant's (Chicago Industrial Tire) motion for dismissal on the grounds that the court did not have subject matter jurisdiction over the cause of action as the disputed C.O.D. charge was the contract price for the wheels and thus was not an "unpaid motor freight charge" and therefore not regulated by the Interstate Commerce Act.

The plaintiff, Overnite Transportation, appealed the district court's dismissal asserting that Chicago Industrial Tire was unjustly enriched and therefore was indebted to Overnite in the amount of $2,210.00. This court affirmed the district court's dismissal on two grounds. The court agreed that the C.O.D. charge was not a "freight charge" but rather was the contract price for the wheels and as such was not regulated by the Interstate Commerce Act. 668 F.2d at 275. The court further noted that 28 U.S.C. § 1337(a) provides district courts with original jurisdiction over any civil action or proceeding brought under 49 U.S.C. 319 [2] "only if the matter in controversy for

each receipt or bill of lading exceeds $10,-000, exclusive of interests and costs." The court held that while it was true Overnite relied upon the implied remedy of unjust enrichment, the $10,000 jurisdictional threshold also applied "to all remedies inferable from the [Interstate Commerce] Act." 668 F.2d at 276. Therefore, the court found that even if the Interstate Commerce Act applied to the C.O.D. charge, the amount in controversy ($2,210.00) did not qualify under the $10,000 jurisdictional threshold. The mandate of this court affirming the dismissal of Overnite's suit was docketed on January 28, 1982.

On February 16, Chicago Industrial Tire Co. filed a motion with the district court requesting an award of the amount of costs and attorney's fees they expended in defending Overnite's suit in federal court. Chicago Industrial based their request upon 28 U.S.C. § 1927 (Supp.1981) which provides:

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

The defendant argued that the plaintiff's filing of the lawsuit in federal court and the appeal of its dismissal constituted an unreasonable and vexatious multiplication of the proceedings entitling the defendant to the recovery of attorney's fees and expenses.

The district court agreed with the defendant, and awarded the defendant $1,392.50 in attorney's fees and costs and reasoned that "[t]he vexatious character of plaintiff attorney's conduct in initiating this [C.O.D. reimbursement] lawsuit in federal court and [then] appealing its dismissal is

---

**2.** 49 U.S.C. 319 applied the express remedies of the Interstate Commerce Act to "common carries by motor vehicle," Congress recodified the Interstate Commerce Act in 1978 and expressly included "motor common carrier" in the definition of "common carriers," and thus repealed section 319 as it was now superfluous. *See* 49 U.S.C. § 10102 (Supp.1981) and 49 U.S.C. § 11707 (Supp.1981).

manifest from the record." *Overnite Transportation Co. v. Chicago Industrial Tire Co.,* 535 F.Supp. 114, 115 (N.D.Ill.1982). The court found that the Interstate Commerce Act was clearly inapplicable, and that even if the Act did apply, "the express terms of 28 U.S.C. § 1337(a) would have prevented this court from exercising jurisdiction in any event over a $2,210.00 claim." *Id.* The court ruled that "[t]here is a difference between advancing an unlikely claim and repeatedly asserting a jurisdictional argument which has no basis in law," and further found that the conduct of Overnite's trial attorney and appellate attorney fell into the latter category. *Id.* at 116. The court directed plaintiff's trial attorney to pay 75% of the defendant's attorney's fees and costs ($1,044.38), and ordered the appellate attorney to pay 25% of such fees and costs ($348.12). The attorneys appealed from the decision of the district court.

## ISSUES PRESENTED

*Issue 1:* Did the district court have jurisdiction to entertain a motion to compel the payment of attorney's fees and costs after the district court's dismissal of the underlying action had been affirmed on appeal prior to the date of the motion for costs and attorney's fees?

*Issue 2:* Did the district court abuse its discretion in awarding the defendant attorney's fees and costs?

### 1. *Jurisdiction*

█ Initially, we address the threshold question of whether the district court had jurisdiction over the defendant's motion for attorney's fees and costs. On June 16, 1981 the district court granted the defendant's motion to dismiss Overnite's claim on the grounds that the plaintiff had failed to establish federal jurisdiction. Thereafter, on July 9, 1981 the plaintiff, Overnite Transportation Co., filed a notice of appeal of the district court's dismissal. It is a well established general rule that the perfection of an appeal "vests jurisdiction in the court of appeals [and] further proceedings in the

district court cannot then take place without leave of the court of appeals." *Asher v. Harrington,* 461 F.2d 890, 895 (7th Cir.1972). Therefore, under the clearly enunciated rule of this circuit, jurisdiction over Overnite's cause of action against Chicago Industrial Tire was vested in this court on the date the plaintiff properly filed his notice of appeal, July 9, 1981.

There are, however, various exceptions to the jurisdictional rule that jurisdiction is vested with the court of appeals upon the proper filing of a notice of appeal. For example, jurisdiction continues in the district court if jurisdiction is reserved expressly by statute, or if the court expressly reserves or retains such jurisdiction, or while the court is entertaining motions collateral to the judgment or motions which would aid in resolution of the appeal. *See generally Armstrong v. Board of School Directors,* 616 F.2d 305, 327 (7th Cir.1980); *Elgen Mfg. Corp. v. Ventfabrics, Inc.,* 314 F.2d 440, 444 (7th Cir.1963). However, these exceptions only apply to those motions filed with the district court while the appeal on the merits is pending. Regardless of the fact that over eight months elapsed between the filing of the notice of appeal and this court's docketing its mandate affirming the district court's dismissal, no motions were filed by the defendant with either the district court or this court requesting attorney's fees pursuant to 28 U.S.C. § 1927. Once this court rendered its decision and docketed its mandate affirming the district court's dismissal of Overnite's action against Chicago Industrial Tire no case or controversy any longer existed between the litigants herein. Therefore, since the plaintiff properly filed a notice of appeal with the district court on July 9, 1981 and the district court did not reserve jurisdiction over the case nor was jurisdiction reserved by statute, and because no motions concerning the case in chief were directed to either this court or the district court during the eight months the appeal on the merits was pending, we hold the district court was without jurisdiction to rule on the defendant Chicago Industrial Tire's motion for costs and attorney's fees.

Further, it should be noted that we do not in this opinion attempt to overrule or limit this court's earlier holdings in *Terket v. Lund,* 623 F.2d 29 (7th Cir.1980) and *Loctite Corp. v. Fel-Pro, Inc.,* 667 F.2d 577 (7th Cir.1981). In *Terket,* the court was faced with the situation where the plaintiff filed his notice of appeal while the defendant's motion for attorney's fees and costs under 42 U.S.C. § 1988 was pending but before the district court ruled on the defendant's motion. The district court thereafter granted the defendant's motion for attorney's fees and on appeal the plaintiff asserted that the district court was without jurisdiction to rule on the defendant's motion. This court disagreed, reasoning that accepting the plaintiff's position would result in piecemeal appeals and would prevent district courts from "ruling even on prompt post-judgment fee motions after a notice of appeal is filed." *Id.* at 34. In an effort to avoid delay and wasted effort, the *Terket* court adopted a general rule that "district courts in this circuit should proceed with attorneys' fees motions, even after an appeal is filed, as expeditiously as possible. Any party dissatisfied with the court's ruling may then file an appeal and apply to this court for consolidation with the pending appeal of the merits." *Id.* (footnote omitted). The *Terket* rule has been construed as contemplating the district court ruling on a party's motion for attorney's fees *during the pendency of the appeal on the merits.* See *Loctite Corp.,* 667 F.2d at

584. In such a case the district court can rule on the party's motion and an appeal from that ruling would be consolidated with the appeal from the ruling on the merits. Thus these rules reveal that a motion for attorney's fees and costs under section 1927 is so inexorably bound to the underlying merits of the case that a party must bring a motion for fees and costs either before an appeal is perfected or during the pendency of the appeal on the merits. Moreover, if there has been no appeal of the court's decision on the merits of a case, a fair reading of *Terket* reveals that absent a specific statute or other rule,[3] a motion for attorney's fees and costs must be filed with the district court within a "reasonable time" or as "expeditiously as possible" after a judgment on the merits is entered.[4] In the instant case no motion requesting attorney's fees was filed with either the district court or this court during the pendency of Overnite's original appeal on the merits. It was not until two months after this court affirmed the district court's dismissal of the plaintiff's action that the defendant filed its motion for fees and costs. Therefore, since the defendant failed to file a motion before any court requesting attorney's fees while the appeal on the merits was pending, and because the district court did not reserve jurisdiction nor was jurisdiction expressly reserved by statute, we hold the defendant did not file its motion within a reasonable time and the district court was

---

**3.** While some courts have treated a motion for attorney's fees and costs as a motion to amend the judgment and therefore governed by the 10-day time limitation of Rule 59(e), this court has held that a motion for attorney's fees is controlled by the time limits set forth in *Terket.* See *Jones v. Illinois Dept. of Rehabilitation Services,* 689 F.2d 724 at 731 (7th Cir.1982).

**4.** In a recent Eighth Circuit case, *Obin v. District 9 of the International Assoc. of Machinists and Aerospace Workers,* 651 F.2d 574 (8th Cir. 1981), the court followed the *Terket* rationale and held that the district court should rule upon a motion for fees and costs during the pendency of the appeal on the merits. In addressing the issue of the timeliness of the filing of a motion for fees the court stated:

"If the trial court enters a separate judgment on the merits and reaches the attorney's fee issue subsequently, we suggest that district courts adopt a uniform rule requiring the filing of a claim for attorney's fees within twenty-one days after entry of the judgment. If trial judges will promptly decide these claims, the aggrieved party to that issue may promptly appeal. If an appeal on the merits has already been taken, this court on its own motion or the motion of either party will consolidate the appeals for consideration by this court."

651 F.2d at 583. While we decline to adopt a twenty-one day rule for the filing of a motion for fees and costs, *Obin* supports our holding that the motion for fees and costs must be made within a reasonable time after the entry of a judgment regardless of whether or not an appeal has been taken on the merits of the case.

without jurisdiction to act on the motion. Therefore, the order granting the defendant's motion for attorney's fees is hereby set aside and vacated.

### 2. *Merits of the Award of Attorney's Fees*

■ Notwithstanding our ruling on the jurisdictional aspect of the instant case, we now address the question of whether the district court abused its discretion when it awarded the defendant costs and attorney's fees. As noted above, the district court based its award of attorney's fees and costs on the application of 28 U.S.C. § 1927 (1981 Supp.) which provides:

> "Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

A close reading of this statute reveals that the rule envisions a sanction against an attorney only when that attorney both (1) multiplies the proceedings, and (2) does so in a vexatious and unreasonable fashion.

■ As to the first element, Chicago Industrial Tire asserts that the attorneys for Overnite Transportation Co. multiplied the proceedings when they filed the action against Chicago Industrial Tire in the federal district court because once the Illinois State Court had dismissed Overnite's claim the filing of the action in the federal district court was, in and of itself, multiplicious. However, this argument runs contrary to the legislative intent since a review of the legislative history surrounding section 1927 reveals the congressional intent to impose sanctions only upon those attorneys who needlessly delay *ongoing* litigation. The House Conference Report explains section 1927 and states its purpose is "to broaden the range of increased expenses which an attorney who engages in *dilatory litigation practices* may be required by the judge to satisfy personally.... The amendment to section 1927 is one of several measures taken in this legislation to deter unnecessary *delays* in litigation." House Conference Report No. 96–1234, 96th Con-

gress 2d Session, Reported in 1980 U.S.Code Cong. & Admin.News 2716, 2781 at 2782 (emphasis supplied).

■ While it is true that some courts have sanctioned an attorney under section 1927 for the filing and prosecution of a lawsuit that they have determined is meritless, these cases are limited to situations where the suit was without either a legal or factual basis and the attorney was or should have been aware of this fact. For example, one court awarded the defendant his attorney's fees and costs in a case where the plaintiff's attorney who was also a medical doctor deliberately and vexatiously prosecuted a medical malpractice case on behalf of his client that he "knew—or, as a medical doctor, should have known—was totally frivolous...." *Harrell v. Joffrion,* 73 F.R.D. 267, 268 (W.D.La.), *aff'd without opinion,* 545 F.2d 167 (5th Cir.1976). In the instant case Overnite's federal action for the recovery of the C.O.D. charges was one of first impression. Overnite asserted an arguable claim alleging that C.O.D. charges were "freight charges" within the meaning of the Interstate Commerce Act, and that the $10,000 jurisdictional limit did not apply to remedies which were "implied by the Act." Because Overnite's original claim for C.O.D. charges had never before been litigated under the Interstate Commerce Act and was therefore one of first impression, we hold the lawsuit was not "frivolous" and therefore Overnite's attorneys did not "multiply" the proceedings by filing an action in the federal district court.

■ Chicago Industrial Tire also asserts that Overnite's appellate counsel multiplied the proceedings by taking an appeal from the district court's order dismissing Overnite's complaint. Chicago Industrial Tire argues that the appeal was frivolous because "the simple but fatal defects in a claim such as Overnite's would be apparent to a law school student." We disagree and hold that an attorney in the exercise of good judgment would not believe Overnite's claims for C.O.D. charges were frivolous since they had never previously been litigated under the Interstate Commerce Act and

had an arguable factual basis, and therefore we hold Chicago Industrial Tire's position is without merit. *See Asai v. Castillo,* 593 F.2d 1222, 1225 (D.C.Cir.1979) ("Since the court ... had not previously addressed this matter ... [w]e cannot say [the attorney] acted in bad faith in the matter.") Litigants and their attorneys must be free to pursue their appellate remedies except in truly unmeritorious and frivolous cases. We reject Chicago Industrial Tire's position, for if we were to accept their argument it would have a profound chilling effect upon litigants and would further interfere with the presentation of meritorious legal questions to this court. Therefore, because Overnite's original claim for the C.O.D. charges was not frivolous, we hold Overnite's appeal from the district court's order dismissing Overnite's claim was not multiplicious, and Overnite's appellate counsel will not be held responsible for attorney's fees and costs under 28 U.S.C. § 1927.

■■■■ Chicago Industrial Tire also contends that the district court was correct when it found that "[t]he vexatious character of plaintiff attorney's conduct in initiating this lawsuit in federal court and appealing its dismissal is manifest from the record." However, the district court did not point to any "vexatious" conduct other than the filing of the lawsuit and the appeal from its dismissal. It is the law of this circuit that the power to assess costs on the attorney involved "is a power which the courts should exercise *only* in instances of a *serious and studied disregard for the orderly process of justice.*" *Kiefel v. Las Vegas Hacienda, Inc.,* 404 F.2d 1163, 1167 (7th Cir.1968), *cert. denied,* 395 U.S. 908, 89 S.Ct. 1750, 23 L.Ed.2d 221 (1969) (emphasis supplied). In *Kiefel,* the attorney engaged in making misstatements of facts and law to the jury and court and used harassing tactics that interfered with pretrial discovery. He also injected inflammatory statements into argument which were calculated to prejudice the jury, and further conducted improper cross-examination on matters not in evidence or on issues to which the court had already sustained objections. Unlike the actions of Overnite's attorneys, the *Kie-*

*fel* court found that the attorney's "acts of misconduct were correctly found to be intentional, involving serious breaches of the Canons of Ethics." *Id.* Chicago Industrial Tire has pointed to no instances where the attorneys for Overnite either at trial or on appeal engaged in intentional misconduct which was in "disregard for the orderly process of justice." Moreover, in light of the fact that we have held that Overnite did present an arguable and justiciable claim in the federal district court, the good faith filing of a claim supported by an arguable legal theory will not be viewed as "vexatious." The term "vexatious" is defined as "lacking justification and intended to harass." *Webster's International Dictionary* (1971). *Accord United States v. Ross,* 535 F.2d 346 (6th Cir.1976). Since there was a legal basis for Overnite's original position, even though that position was found to be legally incorrect, we hold Overnite's claim for C.O.D. charges cannot be characterized as "lacking justification," and therefore the district court abused its discretion when finding the attorney's conduct was vexatious.

In sum, we hold that the district court abused its discretion in ordering the attorneys for Overnite to pay Chicago Industrial Tire's attorney's fees and costs. Because the attorneys for Overnite had a reasonable belief based upon a logical (albeit incorrect) interpretation of the law, and prosecuted the lawsuit in an orderly and timely fashion, we hold that 28 U.S.C. § 1927 does not apply to the conduct of Overnite's attorneys and the district court's order is therefore set aside and VACATED.