USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 91-2229 UNITED STATES OF AMERICA, Appellee, v. KELLY MALA, a/k/a KELLEY MALA, Defendant, Appellant. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jaime Pieras, Jr., U.S. District Judge] ___________________ _________________________ Before Breyer, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ _________________________ Ronald Cohen, by Appointment of the Court, for appellant. ____________ Jorge E. Vega-Pacheco, Assistant United States Attorney, ______________________ with whom Charles E. Fitzwilliam, United States Attorney, was on _______________________ brief, for the United States. _________________________ October 27, 1993 _________________________ SELYA, Circuit Judge. Defendant-appellant Kelley Mala, SELYA, Circuit Judge. _____________ a resident of the U.S. Virgin Islands, appeals his conviction on various drug-related charges. We affirm, without prejudice, however, to Mala's right to explore certain contentions in a more appropriate forum. I. I. __ Background Background __________ On January 4, 1989, a federal grand jury in Puerto Rico indicted Mala. The grand jury twice revised the bill, a process that culminated in a five-count superseding indictment against a total of fourteen defendants. Three counts targeted appellant, charging him with conspiracy to import cocaine into the United States, 21 U.S.C. 963 (1988), conspiracy to possess cocaine with intent to distribute it, 21 U.S.C. 846 (1988), and using a telephone to facilitate importation of cocaine, 21 U.S.C. 843(b) (1988). Most of the named defendants were promptly arrested and tried. Some were convicted,1 some were not. Withal, the government exhibited seeming indifference toward appellant. It was not until February 22, 1991 some 25 months after the original indictment surfaced that government agents arrested ____________________ 1We affirmed the convictions. See United States v. Valencia ___ _____________ ________ Lucena, 925 F.2d 506 (1st Cir. 1991). Although the facts ______ surrounding appellant's alleged crimes are, for the most part, unimportant to the disposition of this appeal, the factual predicate of his case is substantially the same as that undergirding the other defendants' convictions. Accordingly, we refer the reader who thirsts for additional detail to our earlier opinion. See id. at 509-10, 512-13. ___ ___ 2 him in St. Thomas, took him to Puerto Rico, and arraigned him on March 8, 1991. From that point forward, matters progressed at a more celeritous clip. On April 22, 1991, Mala filed a motion to dismiss the indictment on speedy trial grounds, or in the alternative, to suppress certain evidence. The district court denied the motion on May 17. Four days later, Mala filed a notice of appeal contesting the denial of his prayer for suppression. Undeterred by the appeal, the district court ordered the trial to commence on May 23, 1991, as previously scheduled. On May 30, a jury found appellant guilty on all three counts. Two potentially significant events occurred between the date of the verdict and the imposition of sentence. Some six weeks after the trial ended, this court dismissed the interlocutory appeal for want of jurisdiction after determining that the order refusing to suppress evidence was not immediately appealable. In roughly the same time frame, appellant filed a pro se motion alleging, among other things, that he had been ___ __ victimized by ineffective counsel. The district judge denied this initiative on procedural grounds, ruling that such a motion could not be brought in advance of sentencing. On November 8, 1991, the court sentenced appellant to a lengthy prison term and imposed other penalties. This appeal followed. In it, appellant is represented by successor counsel. 3 II. II. ___ Analysis Analysis ________ A. A. __ The Trial Court's Jurisdiction The Trial Court's Jurisdiction ______________________________ Appellant seeks to persuade us that his conviction is a nullity because the district court lacked authority over the case at time of trial. The linchpin of this asseveration is appellant's insistence that a case cannot be pending in two courts at the same time; hence, the pendency of his appeal from the refusal to suppress had the double-barrelled effect of transferring the case to the appellate court and stripping the trial court of jurisdiction. We are not convinced. Ordinarily, docketing a notice of appeal ousts a district court of jurisdiction over the underlying case. See, ___ e.g., Coastal Corp. v. Texas Eastern Corp., 869 F.2d 817, 819 ____ _____________ ____________________ (5th Cir. 1989). There is, however, an important difference between interlocutory appeals not specifically authorized by statute and other, less problematic appeals. While an appeal from either a final order or an interlocutory order made immediately appealable by statute divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal, see 9 James W. Moore et al., Moore's ___ _______ Federal Practice 203.11, at 3-45 (2d ed. 1993), an __________________ interlocutory appeal that is brought without any colorable jurisdictional basis does not deprive the district court of 4 jurisdiction over the underlying case. See United States v. ___ _____________ Ferris, 751 F.2d 436, 440 (1st Cir. 1984); Hodgson v. Mahoney, ______ _______ _______ 460 F.2d 326, 328 (1st Cir. 1972); see also 9 Moore's Federal ___ ____ _______________ Practice, supra, 203.11, at 3-52. Thus, when a litigant ________ _____ purposes to appeal a plainly unappealable order, the trial court may treat the appeal for what it is a sham and continue to exercise jurisdiction over the case. Were the rule otherwise, a litigant bent on vexation could temporarily divest a trial court of jurisdiction at whim. This case aptly illustrates the point. Two days before his trial was scheduled to start, appellant "appealed" an interlocutory order that had been entered a few days earlier. He did not identify then, nor has he identified now, any jurisdictional hook on which his appeal arguably might hang. A transparently invalid appeal constitutes no appeal at all. Because Mala's appeal was of this sorry stripe, the district court retained the authority to try the case. B. B. __ The Right to a Speedy Trial The Right to a Speedy Trial ___________________________ Appellant contends that the charges against him should have been dismissed because of unpardonable delays in the proceedings. This contention must rise or fall on appellant's claim that too long a period of time intervened between his indictment and his arrest.2 This claim, in turn, implicates the ____________________ 2Appellant also asserts that the 75-day delay between March 8 and May 23 violated the statutory requirement that trial commence within 70 days following arraignment. See 18 U.S.C. ___ 5 Sixth Amendment, for the Speedy Trial Act, 18 U.S.C. 3161-3174 (1988), is not applicable to periods of delay antedating a defendant's arrest. See United States v. Zandi, 769 F.2d 229, ___ ______________ _____ 233 (4th Cir. 1985); United States v. Haiges, 688 F.2d 1273, 1274 _____________ ______ (9th Cir. 1982). The Sixth Amendment provides in pertinent part that "in all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const., Amend. VI. This right attaches upon indictment or arrest, whichever first occurs. See ___ United States v. MacDonald, 456 U.S. 1, 6-7 (1981); Dillingham v. _____________ _________ __________ United States, 423 U.S. 64, 64-65 (1975) (per curiam). The ______________ constitutional assurance serves many laudable purposes, chief of which is to limit the possibility that memories will fade, witnesses disappear, and needless delay impair an accused's ability to defend himself. See United States v. Ewell, 383 U.S. ___ _____________ _____ 116, 120 (1966). In Barker v. Wingo, 407 U.S. 514 (1972), the Supreme ______ _____ Court established a four-part balancing test to be used in determining whether a defendant's constitutional right to a speedy trial has been abridged. These four factors are (1) the length of the delay; (2) the reasons for the delay; (3) the ____________________ 3161(c)(1) (1988). This assertion need not detain us. Delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," is excludable for purposes of determining compliance vel non with the statutory mandate. Id. ___ ___ ___ at 3161(h)(1)(F). Since appellant filed several pretrial motions, including the April 22 motion (which was not disposed of until May 17, see supra Part I), the thrust of his Speedy Trial ___ _____ Act claim misses the mark. 6 defendant's posture vis-a-vis the delay, especially in respect to assertions of the speedy trial right; and (4) the prejudice stemming from the delay. Id. at 530. These factors cannot be ___ plugged into a formula that operates with scientific precision. Rather, they must be considered on a case-by-case basis "together with such other circumstances as may be relevant." Id. ___ Attempting to apply the Barker test in the ______ circumstances at bar frustrates meaningful appellate review. The devoir of persuasion rests with the appellant to show error in the ruling below. Although he filed a motion to dismiss the indictment on speedy trial grounds, he did not accompany it with affidavits or other materials of evidentiary quality. What is more, he did not request an evidentiary hearing. In the end, the district court denied the motion without holding a hearing and without making specific findings. The briefs on appeal evince that the facts relevant to the second, third, and fourth furcula of the Barker test are hotly disputed. We have no reliable way ______ of resolving these factual disputes in the rarified atmosphere of an appellate bench. It follows inexorably that appellant cannot carry his burden of demonstrating error in the ruling below: without better factual insights, we can neither shrug off the possible existence of a scenario completely supportive of the district court's ruling nor measure the relative probabilities as among competing scenarios. Consequently, Mala's assignment of error cannot prevail. To illustrate our dilemma, it might well be, as the 7 government suggests, that appellant eluded arrest; or, knowing about the indictment, failed to assert his speedy trial right for a protracted period of time; or, having had the good fortune to observe a dress rehearsal of the government's case, suffered no cognizable prejudice through the delay. If an evidentiary hearing shows any such scenario to be true and we do not suggest that this will (or will not) prove to be the case the facts might well defeat appellant's speedy trial claim, notwithstanding the extremely long period of pre-arraignment delay.3 See, e.g., Doggett v. United States, 112 S. Ct. 2686, ___ ____ _______ ______________ 2691 (1992); United States v. Brock, 782 F.2d 1442, 1447 (7th ______________ _____ Cir. 1986). On this inscrutable record, we simply cannot tell. Nor is it unbefitting to decide the point based on a burden-of-proof rule where, as here, appellant can fairly be held accountable for the opacity of the record. Under federal motion practice, no automatic entitlement to an evidentiary hearing exists. See Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1120 (1st ___ _____ _______________ Cir. 1989) (explaining that pretrial motions "do not usually culminate in evidentiary hearings"). Thus, a litigant who believes that evidence should be taken in order to put a motion ____________________ 3Although a 25-month period of delay is "presumptively prejudicial," Barker, 407 U.S. at 530, it is nevertheless ______ essential to inquire into the remaining components of the test. The length of the delay is merely "a triggering mechanism," id., ___ and courts frequently have found presumptively prejudicial periods of delay to be fully justified after examining the complete set of Barker factors. See, e.g., Robinson v. Whitley, ______ ___ ____ ________ _______ 2 F.3d 562, ___ (5th Cir. 1993) [1993 U.S. App. LEXIS 23270, at *27]; United States v. Aquirre, 994 F.2d 1454, 1457 (9th Cir. _____________ _______ 1993); United States v. Colombo, 852 F.2d 19, 26 (1st Cir. 1988); _____________ _______ Flowers v. Fair, 680 F.2d 261, 262 (1st Cir. 1982). _______ ____ 8 into proper perspective must, at the very least, call the need for a hearing to the court's attention and ask that a hearing be convened. A party who fails to meet this precondition cannot then complain that the court did not hold a hearing that it was never asked to hold. See United States v. Tardiff, 969 F.2d ___ _____________ _______ 1283, 1286 (1st Cir. 1992); Teamsters, Etc., Local No. 59 v. _______________________________ Superline Transp. Co., 953 F.2d 17, 20 n.4 (1st Cir. 1992). _______________________ District judges are not expected to be mind readers. To sum up, "[d]ue process does not entitle the defendant to an evidentiary hearing where the defendant has failed to request one." Tardiff, 969 F.2d at 1286; accord United _______ ______ ______ States v. Rigby, 896 F.2d 392, 395 (9th Cir. 1990). Because an ______ _____ evidentiary hearing was neither sought nor convened in this instance, the assignment of error premised on the defendant's constitutional right to a speedy trial succumbs for want of satisfactory proof.4 C. C. __ Ineffective Assistance Ineffective Assistance ______________________ The Sixth Amendment also provides that persons accused of crimes shall receive the benefit of counsel for their defense. See U.S. Const., Amend. VI. Appellant maintains that he was ___ denied this safeguard because his trial counsel performed below any acceptable standard of proficiency. While this suggestion is ____________________ 4Of course, trial counsel's failure properly to pursue this Sixth Amendment issue raises effectiveness of counsel concerns that appellant may wish to explore in future proceedings, see ___ infra Part II(C); but those concerns do not, at this juncture, _____ constitute grounds for reversal on direct appeal. 9 not implausible on its face, we do not think it is ripe for our consideration. We explain briefly. We have held with a regularity bordering on the monotonous that fact-specific claims of ineffective assistance cannot make their debut on direct review of criminal convictions, but, rather, must originally be presented to, and acted upon by, the trial court.5 See, e.g., United States v. McGill, 952 F.2d ___ ____ _____________ ______ 16, 19 (1st Cir. 1992); United States v. Natanel, 938 F.2d 302, _____________ _______ 309 (1st Cir. 1991), cert. denied, 112 S. Ct. 986 (1992); United _____ ______ ______ States v. Hunnewell, 891 F.2d 955, 956 (1st Cir. 1989); United ______ _________ ______ States v. Costa, 890 F.2d 480, 482-83 (1st Cir. 1989); United ______ _____ ______ States v. Hoyas-Medina, 878 F.2d 21, 22 (1st Cir. 1989); United ______ ____________ ______ States v. Carter, 815 F.2d 827, 829 (1st Cir. 1987); United ______ ______ ______ States v. Kobrosky, 711 F.2d 449, 457 (1st Cir. 1983). The rule ______ ________ has a prudential aspect. Since claims of ineffective assistance involve a binary analysis the defendant must show, first, that counsel's performance was constitutionally deficient and, second, that the deficient performance prejudiced the defense, see ___ Strickland v. Washington, 466 U.S. 668, 687 (1984) such claims __________ __________ typically require the resolution of factual issues that cannot efficaciously be addressed in the first instance by an appellate tribunal. See Costa, 890 F.2d at 483; Hoyas-Medina, 878 F.2d at ___ _____ ____________ ____________________ 5Mala did file a motion in the district court seeking to raise the question of ineffective assistance. See supra p. 3. ___ _____ Nonetheless, the district court dismissed the motion on procedural grounds without reaching the question of trial counsel's effectiveness, and appellant has not assigned error to that ruling. For our purposes, then, the motion is a nullity. 10 22. In addition, the trial judge, by reason of his familiarity with the case, is usually in the best position to assess both the quality of the legal representation afforded to the defendant in the district court and the impact of any shortfall in that representation. Under ideal circumstances, the court of appeals should have the benefit of this evaluation; elsewise, the court, in effect, may be playing blindman's buff. To be sure, we have occasionally undertaken review of ineffective assistance claims on direct appeal, even without the advantage of the district court's views. See, e.g., Natanel, 938 ___ ____ _______ F.2d at 309. But we travel this route only when the critical facts are not in dispute and the record is sufficiently developed to allow reasoned consideration of the claim. See id. ___ ___ Although appellant invokes the exception on the theory that any lawyer worth his salt would have requested an evidentiary hearing, we think this case falls well within the compass of the usual rule. Even if we assume arguendo that trial ________ counsel's performance was constitutionally deficient, appellant's thesis runs afoul of the second prong of the Strickland test. __________ Under that prong, a criminal defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. On the sparse record presently __________ compiled, we cannot say whether, had the speedy trial claim been litigated fully, it likely would (or would not) have led to a dismissal of the indictment. See supra Part II(B). Thus, ___ _____ 11 because the record does not furnish proper illumination to enable us to assess probable outcomes, the issue of ineffective assistance is prematurely before us. When faced with similar situations in comparable cases, we have routinely dismissed the relevant portion of the appeal without prejudice to the defendant's right to litigate his ineffective assistance claim through the medium of an application for post-conviction relief. See, e.g., McGill, 952 F.2d at 19 ___ ____ ______ n.5 (dismissing assignment of error without prejudice to the filing of a petition in the district court under 28 U.S.C. 2255); Hunnewell, 891 F.2d at 956 n.1 (same). We follow this _________ sound practice today but with an added wrinkle. Three things coalesce here: (1) appellant has shown a fair likelihood of success on the constitutional claim,6 (2) that claim is factually complex and legally intricate, and (3) the facts are largely undeveloped and appellant (who is both incarcerated and indigent) is severely hampered in his ability to investigate them. This seems, therefore, to be the rare section 2255 case in which the appointment of counsel is warranted. See 18 U.S.C. 3006A(a)(2)(B) (1993 Supp.) ___ (stipulating that, if "the interests of justice so require, representation may be provided [under the Criminal Justice Act] for any financially eligible person who . . . is seeking relief ____________________ 6Our belief that there is some likelihood of success is not a finding, but merely an acknowledgment that appellant has limned a colorable claim. We take no view of the appropriate resolution of future proceedings. 12 under section . . . 2255 of title 28"); see also Battle v. ___ ____ ______ Armontrout, 902 F.2d 701, 702 (8th Cir. 1990) (holding that the __________ district court abused its discretion in failing to appoint counsel for habeas corpus petitioner); Richardson v. Miller, 721 __________ ______ F.Supp. 1087 (W.D.Mo. 1989) (finding, on particular facts, that the interests of justice dictated appointment of counsel in a 2255 case). We thus direct the district court, if appellant petitions for section 2255 relief and demonstrates continued financial eligibility, to appoint counsel for him under 18 U.S.C. 3006A(a)(2)(B).7 III. III. ____ Conclusion Conclusion __________ We need go no further. We affirm the judgment below, without prejudice, however, to appellant's right to raise his claim of ineffective assistance in a proceeding brought pursuant to 28 U.S.C. 2255. As stipulated herein, the district court shall, subject to the strictures of the Criminal Justice Act, appoint counsel for appellant should such a proceeding eventuate. It is so ordered. It is so ordered. _________________ ____________________ 7Appellant's present counsel advised us at oral argument that, if we found the ineffective assistance claim unripe, appellant would promptly file a petition in the district court under section 2255. Counsel also asked us to consider appointing an attorney to represent Mala in such an endeavor and volunteered so to serve. The selection of appointed counsel is a matter best left to the court in which such counsel is to appear and, accordingly, we defer to the district court in this regard. 13