30 F.3d 127
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Vital SAUANE, Defendant, Appellant.
 No. 93-1173
 United States Court of Appeals,
First Circuit.
 July 27, 1994
 
 Appeal from the United States District Court for the District of Rhode Island [Hon. Francis J. Boyle, Senior U.S. District Judge ]
 David A. Cooper and Cooper & Sanchez on brief for appellant.
 Edwin J. Gale, United States Attorney, Margaret E. Curran and Lawrence D. Gaynor, Assistant United States Attorneys, on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before Torruella, Selya and Cyr. Circuit Judges.
 Per Curiam.
 
 
 1
 Defendant contends that the government breached its agreement to recommend a prison sentence at the low end of the "applicable sentencing guideline range" when it recommended a 60-month sentence, the statutory mandatory minimum penalty under 21 U.S.C. Sec. 841(b)(1)(B), instead of a 46-month sentence, the bottom of offense level 23. The government did not violate the plea agreement. Under U.S.S.G. Sec. 5G1.1(b), "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." (Emphasis added.) In other words, under U.S.S.G. Sec. 5G1.1(b), the statutory mandatory minimum sentence became the "applicable guideline sentencing range," a "range" consisting of one number. Consequently, in recommending the statutorily required minimum sentence, the government did not violate the plea agreement. We note, moreover, that the government pointed out at the plea hearing-and the defendant acknowledged-that defendant faced a minimum five-year prison term.
 
 
 2
 Defendant claims the record does not show that defendant understood the plea agreement. On the present record, we disagree. Defendant was assisted by an interpreter at the change of plea hearing. Counsel indicated he had conferred with defendant several times about pleading guilty and had discussed the process with him at length. Defendant stated that he had read, understood, and signed the plea agreement, and he acknowledged that he was subject to a minimum of five years in prison. He also said he understood that the guideline sentence could not be determined until after the pre-sentence report was completed. On this record, defendant's claim that, at the time of pleading guilty, he understood he would receive a 46-month sentence is unsupported.
 
 
 3
 Any claim of ineffective assistance of counsel premised on counsel's having promised a 46-month sentence or having improperly coached defendant on how to respond at the plea colloquy is not cognizable on direct appeal as it would require proof of facts outside the present record. United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993) (fact specific claims of ineffective assistance of counsel must first be presented to the district court-usually in a section 2255 petition-before being considered on appeal).
 
 
 4
 We have fully reviewed the record and all of defendant's arguments and find no basis to disturb the judgment. Appellant's request for new counsel and for oral argument are denied.
 
 
 5
 Affirmed.