USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1173 UNITED STATES, Appellee, v. VITAL SAUANE, Defendant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, Senior U.S. District Judge] __________________________ ___________________ Before Torruella, Selya and Cyr. Circuit Judges. ______________ ___________________ David A. Cooper and Cooper & Sanchez on brief for appellant. _______________ ________________ Edwin J. Gale, United States Attorney, Margaret E. Curran _____________ ___________________ and Lawrence D. Gaynor, Assistant United States Attorneys, on ___________________ brief for appellee. __________________ July 27, 1994 __________________ Per Curiam. Defendant contends that the government __________ breached its agreement to recommend a prison sentence at the low end of the "applicable sentencing guideline range" when it recommended a 60-month sentence, the statutory mandatory minimum penalty under 21 U.S.C. 841(b)(1)(B), instead of a 46-month sentence, the bottom of offense level 23. The government did not violate the plea agreement. Under U.S.S.G. 5G1.1(b), "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence ___________________________________________ shall be the guideline sentence." (Emphasis added.) In _________________________________ other words, under U.S.S.G. 5G1.1(b), the statutory mandatory minimum sentence became the "applicable guideline sentencing range," a "range" consisting of one number. Consequently, in recommending the statutorily required minimum sentence, the government did not violate the plea agreement. We note, moreover, that the government pointed out at the plea hearing -- and the defendant acknowledged -- that defendant faced a minimum five-year prison term. Defendant claims the record does not show that defendant understood the plea agreement. On the present record, we disagree. Defendant was assisted by an interpreter at the change of plea hearing. Counsel indicated he had conferred with defendant several times about pleading guilty and had discussed the process with him at length. -2- Defendant stated that he had read, understood, and signed the plea agreement, and he acknowledged that he was subject to a minimum of five years in prison. He also said he understood that the guideline sentence could not be determined until after the pre-sentence report was completed. On this record, defendant's claim that, at the time of pleading guilty, he understood he would receive a 46-month sentence is unsupported. Any claim of ineffective assistance of counsel premised on counsel's having promised a 46-month sentence or having improperly coached defendant on how to respond at the plea colloquy is not cognizable on direct appeal as it would require proof of facts outside the present record. United ______ States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993) (fact ______ ____ specific claims of ineffective assistance of counsel must first be presented to the district court -- usually in a section 2255 petition -- before being considered on appeal). We have fully reviewed the record and all of defendant's arguments and find no basis to disturb the judgment. Appellant's request for new counsel and for oral argument are denied. Affirmed. ________ -3-