August 25, 1995 [NOT FOR PUBLICATION]
 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 94-2140

 UNITED STATES,

 Appellee,

 v.

 DALE CARLOW, a/k/a WILLIAM R. HARMON,
 a/k/a BILL HARMON,

 Defendant - Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. Morton A. Brody, U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 

 Stahl, Circuit Judge, 

 and Dom nguez,* District Judge. 

 

 Paul A. Dinsmore, by Appointment of the Court, for 
appellant.
 Margaret D. McGaughey, Assistant United States Attorney, 
with whom Jay P. McCloskey, United States Attorney, and James L. 
McCarthy, Assistant United States Attorney, were on brief for 
appellee.

 

  

* Of the District of Puerto Rico, sitting by designation.

 

 -3-

 Per Curiam. Defendant-appellant Dale Carlow was Per Curiam 

convicted after a jury found him guilty of 54 counts of mail and

wire fraud. Carlow now appeals his conviction and sentence.

Because we discern no error, we affirm.

 For three months in 1990, Carlow used the name William

Harmon in 29 wire transmissions to buy computer equipment from

suppliers all over the United States for a retail computer

company in Maine. Carlow ordered increasingly large quantities

of equipment and paid by company checks that bounced. After

Carlow was arrested on November 30, 1990, he opened a computer

company called Electrobyte. Through this company, Carlow engaged

in a similar pattern of fraudulent mail and wire transactions.

Carlow was arrested once again in September 1991.

 At his trial, Carlow's theory of defense was that he

lacked the requisite intent to defraud, and his main source of

evidence in support of this argument was his own testimony.

Closing arguments focused, not surprisingly, on the credibility

of Carlow's testimony. After deliberating for over three hours,

the jury found Carlow guilty on all 54 counts. Carlow was

sentenced on October 19, 1994 to 51 months' imprisonment, and was

ordered to pay restitution in the amount of $111,649.65.

 Carlow now offers several arguments to challenge his

conviction and sentence, contending: 1) that the district court

improperly calculated his sentence under the Sentencing

Guidelines; 2) that the court erred in ordering restitution in an

amount greater than $50,000; 3) that the court erred in finding

 -2-

that Carlow's conduct involved more than minimal planning, and

for failing to decrease his sentence based on his role in the

offense; that the court erred in instructing the jury at trial;

5) that the evidence adduced at trial is insufficient to sustain

his conviction; and 6) that Carlow received ineffective

assistance of counsel at trial.

 Having carefully reviewed the entire record of the

trial and sentencing, we find no discernible error or abuse of

discretion by the district court.1 Accordingly, we reject

Carlow's contentions on appeal, and affirm. 

  

1 Because we ordinarily refrain from entertaining ineffective
assistance of counsel claims on direct review, United States v. 
Mala, 7 F.3d 1058, 1063 (1st Cir. 1993), and we see no reason to 
depart from this rule here, we do not address Carlow's
ineffective assistance argument here.

 -3-