USCA1 Opinion

 

 August 25, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2140 UNITED STATES, Appellee, v. DALE CARLOW, a/k/a WILLIAM R. HARMON, a/k/a BILL HARMON, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl, Circuit Judge, _____________ and Dom nguez,* District Judge. ______________ _____________________ Paul A. Dinsmore, by Appointment of the Court, for ___________________ appellant. Margaret D. McGaughey, Assistant United States Attorney, ______________________ with whom Jay P. McCloskey, United States Attorney, and James L. ________________ ________ McCarthy, Assistant United States Attorney, were on brief for ________ appellee. ____________________  ____________________ * Of the District of Puerto Rico, sitting by designation. ____________________ -3- Per Curiam. Defendant-appellant Dale Carlow was Per Curiam ____________ convicted after a jury found him guilty of 54 counts of mail and wire fraud. Carlow now appeals his conviction and sentence. Because we discern no error, we affirm. For three months in 1990, Carlow used the name William Harmon in 29 wire transmissions to buy computer equipment from suppliers all over the United States for a retail computer company in Maine. Carlow ordered increasingly large quantities of equipment and paid by company checks that bounced. After Carlow was arrested on November 30, 1990, he opened a computer company called Electrobyte. Through this company, Carlow engaged in a similar pattern of fraudulent mail and wire transactions. Carlow was arrested once again in September 1991. At his trial, Carlow's theory of defense was that he lacked the requisite intent to defraud, and his main source of evidence in support of this argument was his own testimony. Closing arguments focused, not surprisingly, on the credibility of Carlow's testimony. After deliberating for over three hours, the jury found Carlow guilty on all 54 counts. Carlow was sentenced on October 19, 1994 to 51 months' imprisonment, and was ordered to pay restitution in the amount of $111,649.65. Carlow now offers several arguments to challenge his conviction and sentence, contending: 1) that the district court improperly calculated his sentence under the Sentencing Guidelines; 2) that the court erred in ordering restitution in an amount greater than $50,000; 3) that the court erred in finding -2- that Carlow's conduct involved more than minimal planning, and for failing to decrease his sentence based on his role in the offense; that the court erred in instructing the jury at trial; 5) that the evidence adduced at trial is insufficient to sustain his conviction; and 6) that Carlow received ineffective assistance of counsel at trial. Having carefully reviewed the entire record of the trial and sentencing, we find no discernible error or abuse of discretion by the district court.1 Accordingly, we reject Carlow's contentions on appeal, and affirm. ______  ____________________ 1 Because we ordinarily refrain from entertaining ineffective assistance of counsel claims on direct review, United States v. ______________ Mala, 7 F.3d 1058, 1063 (1st Cir. 1993), and we see no reason to ____ depart from this rule here, we do not address Carlow's ineffective assistance argument here. -3-