76 F.3d 370
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Appellee,
v.
Rafael SARIT-ROSARIO, Defendant, Appellant.
 No. 94-2239.
 United States Court of Appeals, First Circuit.
 Feb. 13, 1996.
 
 AP1 Appeal from the United States District
 Court for the District of Rhode Island [Hon. Mary
 M. Lisi, U.S. District Judge]
 Roderick B. O'Connor on brief for appellant.
 Sheldon Whitehouse, United States Attorney, and Margaret E. Curran and Lawrence D. Gaynor, Assistant United States Attorneys, on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, ALDRICH, Senior Circuit Judge, and SELYA, Circuit Judge.
 Per Curiam.
 
 
 1
 Following a two-day trial, a jury found defendant-appellant Rafael Sarit-Rosario (Sarit) guilty of possessing heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). The district court imposed a thirty-month incarcerative sentence. Sarit appeals. Discerning no substantial question of law or fact, we summarily affirm. See 1st Cir. R. 27.1.
 
 
 2
 Sarit's brief purports to advance four arguments, but the first two are merely variations on the same theme. Consequently, there are three issues presented on appeal. Two are meritless, and the third--on which we make no qualitative judgment--is not properly before us.
 
 
 3
 1. At trial, Sarit pinned his hopes on an entrapment defense. Despite neglecting to move for judgment of acquittal at the close of all the evidence, Fed.R.Crim.P. 29, he now argues that the government failed to prove beyond a reasonable doubt that it had not entrapped him. He is wrong.
 
 
 4
 Once an entrapment defense is properly in play, the government's proof must be sufficient to negate the claim that (a) the government improperly induced the defendant to commit the offense, and (b) the defendant lacked a predisposition to commit it. See United States v. Gifford, 17 F.3d 462, 468 (1st Cir.1994); United States v. Rodriguez, 858 F.2d 809, 812 (1st Cir.1988). "[T]he defense fails if the jury is persuaded beyond reasonable doubt that either [element] is lacking in a particular case." Rodriguez, 858 F.2d at 815. The mere fact that the government afforded the defendant an opportunity to commit the crime does not prove entrapment. See United States v. Coady, 809 F.2d 119, 122 (1st Cir.1987).
 
 
 5
 On a sufficiency challenge, we must take the record, and all reasonable inferences therefrom, in the light most favorable to the government--and we must resolve all credibility conflicts in the manner most compatible with the verdict. See United States v. Valle, --- F.3d ---, --- (1st Cir.1995) [No. 95-1832, slip op. at 13]; Gifford, 17 F.3d at 467. Applying this standard, appellant's claim collapses. If the jury believed the version of the transaction to which the prosecution's key witness, Miguel Morel, testified, there was no entrapment.[1]
 
 
 6
 2. Sarit next challenges the district court's jury instructions anent entrapment. This claim, too, is procedurally defaulted. Having failed contemporaneously to object to the instructions, he can prevail only upon a showing of plain error. See United States v. Weston, 960 F.2d 212, 216 (1st Cir.1992); see also Fed.R.Crim.P. 30, 52(b).
 
 
 7
 Even apart from this obvious procedural default, we see no error. On appeal, Sarit asserts that the instructions did not apprise the jury that, in order to convict, it must find that he intended to commit the crimes charged prior to any contact he may have had with government agents. This assertion misstates the law. Taking the charge as a whole, see Weston, 960 F.2d at 216, we believe that the instructions lay out and explicate the elements of the entrapment defense with the requisite clarity and completeness. See, e.g., Gifford, 17 F.3d at 468; Rodriguez, 858 F.2d at 812. There was no error.
 
 
 8
 3. Finally, Sarit asseverates that his trial counsel provided him with constitutionally deficient representation in derogation of his Sixth Amendment rights. This claim is raised for the first time on appeal. We decline to entertain it. Absent exceptional circumstances (most assuredly not present here), fact-specific ineffective assistance claims not seasonably presented in the trial court cannot be broached on direct appeal, but must be pursued collaterally by recourse to 28 U.S.C. § 2255. See, e.g., United States v. Mala, 7 F.3d 1058, 1063 (1st Cir.1993) (collecting cases), cert. denied, 114 S.Ct. 1839 (1994). Hence, we dismiss this claim without prejudice to Sarit's right to pursue it collaterally.[2]
 
 
 9
 We need go no further. For the reasons stated, the judgment below is summarily
 
 
 10
 Affirmed.
 
 
 
 [1]
 We note in passing that Morel's testimony was corroborated in important particulars by other evidence in the record
 
 
 [2]
 We do not imply that this claim has any force. That issue is not before us