USCA1 Opinion

 

 February 13, 1996 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT _________________________ No. 94-2239 UNITED STATES OF AMERICA, Appellee, v. RAFAEL SARIT-ROSARIO, Defendant, Appellant. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Mary M. Lisi, U.S. District Judge] ___________________ _________________________ Before Torruella, Chief Judge, ___________ Aldrich, Senior Circuit Judge, ____________________ and Selya, Circuit Judge. _____________ _________________________ Roderick B. O'Connor on brief for appellant. ____________________ Sheldon Whitehouse, United States Attorney, and Margaret E. __________________ ___________ Curran and Lawrence D. Gaynor, Assistant United States Attorneys, ______ __________________ on brief for appellee. _________________________ _________________________ Per Curiam. Following a two-day trial, a jury found Per Curiam. __________ defendant-appellant Rafael Sarit-Rosario (Sarit) guilty of possessing heroin with intent to distribute in violation of 21 U.S.C. 841(a)(1) & (b)(1)(C). The district court imposed a thirty-month incarcerative sentence. Sarit appeals. Discerning no substantial question of law or fact, we summarily affirm. See ___ 1st Cir. R. 27.1. Sarit's brief purports to advance four arguments, but the first two are merely variations on the same theme. Consequently, there are three issues presented on appeal. Two are meritless, and the third on which we make no qualitative judgment is not properly before us. 1. At trial, Sarit pinned his hopes on an entrapment defense. Despite neglecting to move for judgment of acquittal at the close of all the evidence, Fed. R. Crim. P. 29, he now argues that the government failed to prove beyond a reasonable doubt that it had not entrapped him. He is wrong. Once an entrapment defense is properly in play, the government's proof must be sufficient to negate the claim that (a) the government improperly induced the defendant to commit the offense, and (b) the defendant lacked a predisposition to commit it. See United States v. Gifford, 17 F.3d 462, 468 (1st Cir. ___ _____________ _______ 1994); United States v. Rodriguez, 858 F.2d 809, 812 (1st Cir. _____________ _________ 1988). "[T]he defense fails if the jury is persuaded beyond reasonable doubt that either [element] is lacking in a particular ______ case." Rodriguez, 858 F.2d at 815. The mere fact that the _________ 2 government afforded the defendant an opportunity to commit the crime does not prove entrapment. See United States v. Coady, 809 ___ _____________ _____ F.2d 119, 122 (1st Cir. 1987). On a sufficiency challenge, we must take the record, and all reasonable inferences therefrom, in the light most favorable to the government and we must resolve all credibility conflicts in the manner most compatible with the verdict. See ___ United States v. Valle, ___ F.3d ___, ___ (1st Cir. 1995) [No. _____________ _____ 95-1832, slip op. at 13]; Gifford, 17 F.3d at 467. Applying this _______ standard, appellant's claim collapses. If the jury believed the version of the transaction to which the prosecution's key witness, Miguel Morel, testified, there was no entrapment.1 2. Sarit next challenges the district court's jury instructions anent entrapment. This claim, too, is procedurally defaulted. Having failed contemporaneously to object to the instructions, he can prevail only upon a showing of plain error. See United States v. Weston, 960 F.2d 212, 216 (1st Cir. 1992); ___ _____________ ______ see also Fed. R. Crim. P. 30, 52(b). ___ ____ Even apart from this obvious procedural default, we see no error. On appeal, Sarit asserts that the instructions did not apprise the jury that, in order to convict, it must find that he intended to commit the crimes charged prior to any contact he may have had with government agents. This assertion misstates the law. Taking the charge as a whole, see Weston, 960 F.2d at 216, ___ ______  ____________________ 1We note in passing that Morel's testimony was corroborated in important particulars by other evidence in the record. 3 we believe that the instructions lay out and explicate the elements of the entrapment defense with the requisite clarity and completeness. See, e.g., Gifford, 17 F.3d at 468; Rodriguez, 858 ___ ____ _______ _________ F.2d at 812. There was no error. 3. Finally, Sarit asseverates that his trial counsel provided him with constitutionally deficient representation in derogation of his Sixth Amendment rights. This claim is raised for the first time on appeal. We decline to entertain it. Absent exceptional circumstances (most assuredly not present here), fact-specific ineffective assistance claims not seasonably presented in the trial court cannot be broached on direct appeal, but must be pursued collaterally by recourse to 28 U.S.C. 2255. See, e.g., United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. ___ ____ ______________ ____ 1993) (collecting cases), cert. denied, 114 S. Ct. 1839 (1994). _____ ______ Hence, we dismiss this claim without prejudice to Sarit's right to pursue it collaterally.2 We need go no further. For the reasons stated, the judgment below is summarily Affirmed. Affirmed. ________  ____________________ 2We do not imply that this claim has any force. That issue is not before us. 4