Kuchinski v. USA                    CV-95-548-M    07/11/96
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE


Steve Kuchinski,
      Petitioner,

      v.                                    Civil No. 95-548-M

United States of America,
      Respondent.


                           O R D E R


      Based on his guilty pleas, Petitioner was convicted of two

counts of an information charging him with 1) unlawful

interference with commerce by a public official, in violation of

18 U.S.C. § 1951, and 2) wire fraud, in violation of 18 U.S.C.

§§ 1343 and 1346.  He was subsequently sentenced to, inter alia,

terms of imprisonment of 20 months on each count, to run

concurrently.  The prison sentence imposed was below the

applicable Guideline range (30 to 37 months) due to the

prosecution's motion under U.S.S.G. § 5K1.1, which recognized

Petitioner's substantial assistance in the investigation and

prosecution of others.  Petitioner was represented at his plea

hearing and at sentencing by James A. Connor, Esquire.

      Petitioner now seeks a reduction in his sentence under

28 U.S.C. § 2255, which provides in relevant part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

While there is no automatic right to the appointment of counsel in a proceeding brought under § 2255, and a hearing is not required if a petitioner's allegations, accepted as true, would not entitle him to relief (or if the allegations are contradicted by the record, are inherently credible, or amount to mere conclusions rather than statements of fact), nevertheless, the court scheduled a hearing to give Petitioner a full opportunity to supplement his rather conclusory assertions of ineffective assistance of counsel during his plea hearing and during sentencing. The court also appointed counsel to represent Petitioner at that hearing.

Petitioner's original "Motion for Modification of Sentence" (document no. 1) and his "Supplemental Motion 2255 for

2

Modification of Sentence" (document no. 3) taken together, raise only one issue, that might warrant relief if his generalized allegations are found to be meritorious: ineffective assistance of counsel. See Order dated February 22, 1996 (document no. 2). Otherwise, Petitioner's claims are entirely without merit.

For example, Petitioner challenges the "two level increase for [his] receipt of more than one bribe," but offers no reason why U.S.S.G. § 2C1.1(b)(1) should not have operated to increase the applicable offense level by 2. He also claims that he was denied a § 5K1.1 departure without explanation, when in fact he received both a § 5K1.1 downward departure and an explanation.

During the hearing, Petitioner reorganized his varied claims for relief and asserted basically one claim consisting of four subparts. Petitioner argued that his sentence was imposed in violation of the Constitution or laws of the United States because he was denied effective assistance of counsel during the sentencing phase, because his counsel:

1. Had a "conflict of interest" arising from the fact that Attorney Connor, who was retained counsel, reduced his usual fee, collected only a portion of that reduced fee, and had little hope of actually recovering the balance owed. (Petitioner argues, essentially, that Attorney Connor suffered from an

3

economic disincentive and was thus motivated to provide less than adequate representation);

     2.   Failed to argue for, or present evidence to support, a discretionary downward departure based upon Petitioner's alleged "aberrant behavior;"

     3.   Failed to argue for, or present evidence to support a discretionary downward departure based upon the victims' roles in his offenses of conviction (U.S.S.G. § 5K2.10); and

     4.   Failed to argue for, or present evidence to support, a discretionary downward departure based upon his age, his alleged health problems, his wife's alleged health problems, and his family circumstances (U.S.S.G. § 5K2.0).

Petitioner abandoned his earlier claim that Attorney Connor's representation was Constitutionally deficient during the plea hearing.

## Ineffective Assistance of Counsel

In order to obtain relief under § 2255 on grounds that he was deprived of his right to effective assistance of counsel, Petitioner must show, first, that his counsel's performance was Constitutionally deficient and, second, that he was prejudiced by

4

that deficient performance.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>Hill v. Lockhart</u>, 474 U.S. 52, 57 (1985); <u>United States v. Mala</u>, 7 F.3d 1058, 1063 (1st Cir. 1993) <u>cert. denied</u>, 114 S.Ct. 1839 (1994); <u>United States v. Michaud</u>, 925 F.2d 37 (1st Cir. 1991); <u>Lopez-Nieves v. United States</u>, 917 F.2d 645 (1st Cir. 1990).  As discussed below, Petitioner fails on each prong.

A.   <u>Conflict of Interest</u>

Attorney Connor did not have a conflict of interest. Mr. Connor testified credibly that he had known Petitioner for a number of years, agreed to represent him knowing that Petitioner was not a person of financial means, voluntarily reduced his customary fee, and did so without regard to whether that reduced fee would ever actually be paid.  He also testified credibly that he provided the same effort and brought to bear the same skills and judgment that he would have employed had he charged his usual fee (or no fee at all).  There was no credible evidence that Attorney Connor failed in any duty because he perceived his fee arrangement with Petitioner to be inadequate.  Petitioner's conclusory contrary implications were neither credible nor based in fact, nor supported by any credible evidence.

5

B.    Aberrant Behavior Departure

Attorney Connor did not argue for an aberrant behavior departure at sentencing, but that fact hardly amounts to Constitutionally deficient representation since the facts of record would not have supported such an argument and, in any event, Petitioner was not prejudiced because the court would not have exercised its discretion to grant such a motion even if it had been made.  See e.g. United States v. Grandmaison, 77 F.3d 555 (1st Cir. 1996).  Petitioner was convicted of two separate and unrelated offenses related to bribery and public corruption while serving as an elected public official.  He did not establish at the § 2255 hearing that evidence existed of which Attorney Connor was or should have been aware which could have established either Petitioner's otherwise exemplary character, or his exceptional charitable activities, such that either an aberrant behavior departure or a departure based on extraordinary offender characteristics would be warranted.  Given that Petitioner pled guilty to two offenses involving public corruption and given the absence of any persuasive evidence of Petitioner's otherwise exemplary character or extensive charitable activities, and given the circumstances of the offenses of conviction (influence peddling), the court would not

have exercised its discretion to depart downward on "aberrant behavior" grounds, even if, legally, it could have done so. Accordingly, Attorney Connor's performance in this regard was not Constitutionally deficient, and, in any event, Petitioner was not prejudiced.

C.    Departure Based on Victims' Role in the Offense

Attorney Connor also did not argue for or present evidence to support a discretionary downward departure under U.S.S.G. § 5K2.10, entitled "Victim's Conduct (Policy Statement)." But that is also not surprising, since the facts of record would not have supported that argument either. And, Petitioner was not prejudiced in any event, because the court would not have exercised its discretion to grant such a departure. Section 5K2.10 is generally intended to permit equitable sentencing below the applicable Guideline range where the victim of an offense engaged in wrongful conduct which contributed significantly to provoking the offense behavior. Section 5K2.10, by its terms, "usually would not be relevant in the context of non-violent offenses." Petitioner's offenses were non-violent. Furthermore, that section would, in my judgment, have been particularly inapplicable in Petitioner's case because his real victims were

7

not the people who paid him money for his influence or his vote, but the citizens of Nashua who elected him to office and who he was sworn to serve honestly and uprightly. Those victims did nothing at all to provoke Petitioner's offenses beyond trusting him to honestly represent their legitimate interests. Attorney Connor's failure to argue for a downward departure based on victim conduct was neither Constitutionally deficient, nor did it prejudice Petitioner in any way.

D. Departure Based on Age, Health, and Family Circumstances

Finally, Petitioner argues that Attorney Connor's representation was Constitutionally deficient because be failed to argue for, or present evidence to support a discretionary departure under U.S.S.G. § 5K2.0, based upon Petitioner's age, his alleged physical infirmities, his wife's anxiety, his wife's alleged physical infirmities, the absence of family support for his wife, and general family and economic circumstances. Once again, however, nothing presented in the pleadings or at the hearing would support a departure on the grounds asserted. It was not incumbent upon Attorney Connor to make such a motion given the facts of record. Petitioner did not demonstrate that he suffers from any extraordinary physical impairment or

8

infirmity or illness.  See U.S.S.G. § 5H1.4.  Moreover, Petitioner's age (67) would not have been particularly relevant in determining whether a discretionary departure should have been granted (§ 5K1.1), especially since Petitioner has not demonstrated that he is either physically impaired or particularly infirm.  Besides general conclusory assertions, nothing was presented at the hearing to suggest that Petitioner's family circumstances or obligations are unique, or that his wife's anxiety or alleged health problems are particularly noteworthy or unique.  In short, Petitioner did not show that Attorney Connor either was aware or should have been aware of any facts that, if presented and argued at sentencing, might have resulted in a downward departure under § 5K2.0.  Indeed, even if Attorney Connor had argued all of the factors Petitioner alludes to, and even if Attorney Connor had presented evidence at sentencing to support Petitioner's current factual assertions, the court would still not have granted a discretionary departure downward, because of the absence of any unique factors taking this case out of the "heartland" carved out by the Guidelines. Such a departure is, in the end, discretionary, and even if such a departure might have been legally permissible in this case, I would not have departed downward on such grounds given the

9

Petitioner's arguments and evidence presented at the hearing (had they been presented at sentencing).  Accordingly, Attorney Connor's failure to move for a departure under § 5K2.0 neither constituted ineffective assistance, nor did it prejudice Petitioner in any way.

## Conclusion

Because Attorney Connor's representation of Petitioner was neither Constitutionally defective nor prejudicial to Petitioner, the relief under 28 U.S.C. § 2255 is hereby denied.  Attorney Connor provided effective assistance to Petitioner which was "well within the range of competence demanded in criminal cases," McMann v. Richardson, 397 U.S. 759, 771 (1970), and well "within the wide range of reasonable professional assistance," Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996) (quoting Strickland, 466 U.S. at 689).  The Petition is dismissed.

SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

July 11, 1996

cc:  Albert E. Scherr, Esq.
     Paul M. Gagnon, Esq.