Lynch v. USA                                    CV-97-000-M    04/18/97

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Sean Lynch,
     Petitioner

     v.                                          Civil No._____

United States of America,
     Respondent


                          O R D E R


     The petitioner, Sean Lynch, has filed a motion by which he

seeks an order of this court reinstating his now time-barred right

to appeal his criminal conviction to the Court of Appeals for the

First Circuit.  He also seeks the appointment of counsel.  At this

juncture, the court will treat his pleading as one seeking relief

under 28 U.S.C. § 2255, the federal statute governing habeas

corpus petitions filed by individuals in the custody of the United

States.


                        Discussion

     On February 8, 1993, petitioner was convicted of being a

felon in possession of a firearm, in violation of 18 U.S.C.

§ 922(g)(1).  Based upon petitioner's prior state court

convictions, the government argued and the court found that he was

an "armed career criminal," within the meaning of U.S.S.G.

§ 4B1.4, and sentenced him to the statutorily mandated minimum of 180 months in prison.  See 18 U.S.C. § 924(e)(1).

Petitioner claims that although his retained trial counsel assisted him in filing a notice of appeal, counsel failed to inform him that he had a right to appointed appellate counsel if he was indigent.  Operating under the mistaken belief that if he wished to pursue his appeal he would have to pay his retained trial counsel, or other private counsel, and having no ability at that point to do so, petitioner, in ignorance of his right to appointed counsel, requested his trial counsel to withdraw the notice of appeal.

Petitioner says that his trial counsel was aware of both his desire to pursue an appeal and his financial inability to continue to pay him or retain other private appellate counsel. Nevertheless, petitioner claims that his trial counsel neglected to advise him of his right to appointed representation.  He says that trial counsel's failure in that regard amounts to ineffective assistance of counsel, warranting some form of relief.

At this juncture, the court is satisfied that petitioner presents at least a facially viable constitutional claim.  See generally Evitts v. Lucey, 469 U.S. 387, 396-97 (1985); Douglas v.

2

California, 372 U.S. 353, 357-58 (1963); <u>Baker v. Kaiser</u>, 929 F.2d 1495, 1498-99 (10th Cir. 1991).  Accordingly, subject to petitioner's establishing his financial eligibility for the appointment of counsel, the court hereby appoints Attorney M. Kristin Spath, Assistant United States Federal Public Defender, to represent petitioner in this matter.[1]  <u>See</u> 18 U.S.C. § 3006A(a)(2) ("Whenever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."); <u>see also</u>, <u>United States v. Mala</u>, 7 F.3d 1058, 1063-64 (1st Cir. 1993) ("Three things coalesce here: (1) appellant has shown a fair likelihood of success on the constitutional claim, (2) that claim is factually complex and legally intricate, and (3) the facts are largely undeveloped and appellant (who is both incarcerated and indigent) is severely hampered in his ability to investigate them.  This seems, therefore, to be the rare section 2255 case in which the appointment of counsel is warranted.").

Attorney Spath shall be afforded 60 days within which she may file:

---

[1]  The Clerk of the Court has contacted Attorney Spath, who has represented that she is willing and able to represent petitioner in this matter.

1. documents necessary to properly support petitioner's application to proceed in forma pauperis and obtain the services of appointed counsel;

2. any supplemental pleadings which might be necessary to further clarify and/or refine the claims asserted by petitioner;

3. a memorandum addressing the forms of relief to which she believes petitioner may be entitled, with appropriate references to supporting case law; and

4. any other pleadings, exhibits, transcripts, etc. which she believes will assist the court in assessing the merits of petitioner's claims.

Thereafter, the court will review petitioner's claims and determine whether his petition should be served upon the United States.

**SO ORDERED**.

_____
Steven J. McAuliffe
United States District Judge

April 18, 1997

cc:  M. Kristin Spath, Esq.
     Assistant United States
     Federal Public Defender
     Sean Lynch

4