[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-1833

UNITED STATES,

Appellee,

v.

DAVID ANTONIO SANCHEZ, a/k/a Gordo, a/k/a Goldo,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Frank H. Freedman, U.S. District Judge]

Before

Torruella, Chief Judge,
Selya and Boudin, Circuit Judges.

John P. Crowley, III, and Hobbins, Gardner, Gardner & Murphy
on brief for appellant.
Donald K. Stern, United States Attorney, and Ariane D. Vuono,
Assistant U.S. Attorney, on brief for appellee.

July 27, 1999

Per Curiam. Upon careful review of the briefs and
the record, we conclude that defendant's claim of ineffective
assistance of counsel cannot be reviewed on direct appeal. The
attorney's performance, as described by defendant, was not
necessarily substandard, and the life sentence does not
necessarily show that the attorney's performance resulted in
prejudice to defendant. If defendant believes that he has a
viable claim, he may raise it in a proceeding under 28 U.S.C.
2255. See United States v. Mala, 7 F.3d 1058, 1063 (1st Cir.
1993) ("We have held with a regularity bordering on the
monotonous that fact-specific claims of ineffective assistance
cannot make their debut on direct review of criminal
convictions, but, rather, must originally be presented to and
acted upon by the trial court.").
Defendant's remaining contentions also are without
merit. The district court did not err in admitting the English
translation of the transcription of the Spanish recording. The
government witnesses laid an adequate foundation, and there was
no indication that the transcript or translation were
inaccurate. See United States v. Font-Ramirez, 944 F.2d 42, 48
(1st Cir. 1991); United States v. Renfigo, 789 F.2d 975, 980
(1st Cir. 1986). Even if the material may have been highly
inculpatory, it still was not subject to exclusion as unduly
prejudicial.
In determining the identity of the drug substance,
the district court did not plainly err in relying on the
undisputed information in the pre-sentence investigation
report. That information also was not inconsistent with the
testimony at trial about defendant's drug dealings and the
preparation of the drugs.
Defendant's motion to dispense with oral argument and
for expedited consideration is granted.
Affirmed. See 1st Cir. Loc. R. 27.1.