[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 97-1186

 UNITED STATES,

 Appellee,

 v.

 JOHN R. COLLINS,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. D. Brock Hornby, U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 
 Stahl and Lynch, Circuit Judges. 

 

Robert R. Andrew on brief for appellant. 

 

 November 12, 1997
 

 Per Curiam. John Collins appeals from his 

conviction and sentence for conspiring to possess with intent

to distribute and to distribute cocaine in violation of 21

U.S.C. 841(a), 841(b)(1), and 846. Appellate counsel has

filed a brief under Anders v. California, 386 U.S. 738 

(1967), and a motion to withdraw. Counsel notified Collins

of his right to file a supplemental brief, but Collins has

not done so. After fully reviewing the record, we agree that

there is no meritorious ground for appeal, and so we affirm,

with the qualification noted further below. 

 Collins pled guilty at a plea hearing which

conformed substantially to Fed. R. Crim. P. 11 requirements.

He agreed with a prosecution version of the evidence which

made clear that there was a factual basis for his guilty plea

and which confirmed that he knew that he was pleading guilty

to a crime involving crack cocaine. Consequently, the

district court properly accepted his guilty plea and

sentenced him for conspiring to possess and to distribute

crack cocaine, even though the information charged him only

with conspiring to possess and to distribute "cocaine." See 

United States v. Bush, 70 F.3d 557, 562 (10th Cir. 1995) 

(rejecting claim for resentencing or withdrawal of guilty

plea to cocaine base offense on ground of ambiguous

indictment for conspiring to distribute "cocaine and/or

cocaine base" where the defendant's admissions in his plea

 -2-

agreement and at the plea hearing showed his intent to plead

guilty to conspiring to distribute cocaine base), cert. 

denied, 116 S. Ct. 795 (1996). 

 The Anders brief also asserted that trial counsel 

had represented Collins ineffectively, but our general

practice is not to consider such claims on direct appeal.

See United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993), 

cert. denied, 511 U.S. 1086 (1994). Accordingly, we dismiss 

the claim of ineffective assistance without prejudice to

Collins' right to assert it in a post-conviction proceeding

under 28 U.S.C. 2255. Id. 

 We affirm appellant's conviction and sentence, 

without prejudice to his right to assert his claim of 

ineffective assistance of trial counsel under 28 U.S.C.  

2255. We grant appellate counsel's motion to withdraw. 

 -3-