USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1186 UNITED STATES, Appellee, v. JOHN R. COLLINS, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Robert R. Andrew on brief for appellant. ________________ ____________________ November 12, 1997 ____________________ Per Curiam. John Collins appeals from his ___________ conviction and sentence for conspiring to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. 841(a), 841(b)(1), and 846. Appellate counsel has filed a brief under Anders v. California, 386 U.S. 738 ______ __________ (1967), and a motion to withdraw. Counsel notified Collins of his right to file a supplemental brief, but Collins has not done so. After fully reviewing the record, we agree that there is no meritorious ground for appeal, and so we affirm, with the qualification noted further below.  Collins pled guilty at a plea hearing which conformed substantially to Fed. R. Crim. P. 11 requirements. He agreed with a prosecution version of the evidence which made clear that there was a factual basis for his guilty plea and which confirmed that he knew that he was pleading guilty to a crime involving crack cocaine. Consequently, the district court properly accepted his guilty plea and sentenced him for conspiring to possess and to distribute crack cocaine, even though the information charged him only with conspiring to possess and to distribute "cocaine." See ___ United States v. Bush, 70 F.3d 557, 562 (10th Cir. 1995) ______________ ____ (rejecting claim for resentencing or withdrawal of guilty plea to cocaine base offense on ground of ambiguous indictment for conspiring to distribute "cocaine and/or cocaine base" where the defendant's admissions in his plea -2- agreement and at the plea hearing showed his intent to plead guilty to conspiring to distribute cocaine base), cert. _____ denied, 116 S. Ct. 795 (1996). ______ The Anders brief also asserted that trial counsel ______ had represented Collins ineffectively, but our general practice is not to consider such claims on direct appeal. See United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993), ___ _____________ ____ cert. denied, 511 U.S. 1086 (1994). Accordingly, we dismiss ____________ the claim of ineffective assistance without prejudice to Collins' right to assert it in a post-conviction proceeding under 28 U.S.C. 2255. Id. ___ We affirm appellant's conviction and sentence, ___________________________________________________ without prejudice to his right to assert his claim of _____________________________________________________________ ineffective assistance of trial counsel under 28 U.S.C.  _____________________________________________________________ 2255. We grant appellate counsel's motion to withdraw. _______________________________________________________ -3-