[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 99-1681

UNITED STATES,

Appellee,

v.

JUAN ORTIZ, A/K/A LENTO,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, U.S. District Judge]

---

Before

Torruella, Chief Judge,
Campbell, Senior Circuit Judge,
and Stahl, Circuit Judge.

---

Van L. Hayhow on brief for appellant.
Juan Ortiz on brief pro se.

---

April 12, 2001

---

**Per Curiam**. Defense counsel for Juan R. Ortiz has submitted an Anders brief and motion to withdraw, asserting that there are no meritorious issues to be raised on appeal. See Anders v. State of California, 386 U.S. 738, 744 (1967). Ortiz filed a pro se supplemental brief raising a single issue: that his attorney provided ineffective assistance of counsel because he failed to seek a downward departure based upon Ortiz' pre-trial detention at the Wyatt Detention Facility under unconstitutional conditions. Ortiz is represented by new counsel on appeal.

Ortiz pled guilty to four counts of conspiracy and distributing and possessing with intent to distribute heroin. The plea was pursuant to a written plea agreement in which the parties agreed that they would not seek a departure from the applicable guideline sentencing range. The transcript of the guilty plea hearing reveals that the district court complied with the requirements under Fed.R.Crim.P. 11.

The PSR recommended a two-level reduction in the base offense level, beyond what was specified in the plea agreement, because Ortiz met the criteria set forth in U.S.S.G. § 5C1.2. Accordingly, the five-year statutory minimum sentence did not apply. The PSR included a detailed

statement of facts, to which neither party objected. The sentencing court followed the PSR's recommendations, including a three-level reduction for acceptance of responsibility. The government complied with the plea agreement, by recommending a sentence of 37 months, at the low end of the applicable guideline sentencing range, and a supervised release term of four years. The court accepted that recommendation in imposing the sentence. Although the plea agreement had included a waiver by Ortiz of his right to appeal, the sentencing court did not enforce the waiver and informed Ortiz of his right to appeal his sentence.

In a supplemental pro se brief, Ortiz argues that his attorney provided ineffective assistance of counsel because he did not seek a downward departure on the basis of the conditions of Ortiz' pre-trial detention at the Wyatt Detention Facility, a non-federal, maximum security facility. However, this court does not find the ineffective assistance of counsel claim to be a meritorious appellate issue.

First, this court would not be the proper forum for Ortiz to first present this ineffective assistance of counsel claim:

> We have repeatedly held that "fact-specific claims of ineffective

-3-

> assistance cannot make their debut on direct review of criminal convictions, but, rather must originally be presented to, and acted upon by, the trial court. United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993)(citing cases). We have allowed exceptions only when the critical facts are not in dispute and the record is sufficiently developed to allow reasoned consideration of the claim. Id."

United States v. Hoyle, 237 F.3d 1, 8 (1st Cir. 2001) (quoting United States v. Bierd, 217 F.3d 15, 23-24 (1st Cir. 2000).

Second, this court has never before held that conditions of confinement constitute a permissible basis for downward departure. Although some district courts have granted a downward departure on that basis, "no clear consensus exists as to the propriety of granting a downward departure for conditions of pretrial confinement." United States v. Francis, 129 F.Supp.2d 612, 615 (S.D.N.Y. 2001) (collecting cases).

Third, in his plea agreement, Ortiz agreed not to seek a downward departure from the applicable guideline sentencing range. Therefore, if his attorney had sought a downward departure at sentencing, he would have acted contrary to the terms of Ortiz' plea agreement. Ortiz has not indicated a desire to withdraw his plea. His attorney's

-4-

failure to breach the plea agreement could scarcely constitute ineffective assistance of counsel in such circumstances.

Our careful and thorough review of the entire record, including transcripts of the change of plea and sentencing hearings, does not reveal any meritorious grounds for challenging Ortiz' sentence or guilty plea.

Counsel's motion to withdraw is <u>granted</u>. Ortiz' conviction and sentenced are <u>affirmed</u>, without prejudice to his raising his ineffective assistance of counsel claim in a motion pursuant to 28 U.S.C. § 2255.