**Not for publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-2347

UNITED STATES OF AMERICA,
Appellee,

v.

HARRY J. BURDICK,
Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, Senior U.S. District Judge]

Before

Selya, Circuit Judge,
Coffin and Stahl, Senior Circuit Judges.

Warren M. Yanoff, with whom Yanoff & Valletta was on brief, for appellant.
Donald C. Lockhart, Assistant United States Attorney, with whom Margaret E. Curran, United States Attorney, and Gerard B. Sullivan, Assistant United States Attorney, were on brief, for the United States.

November 13, 2003

**Per Curiam**.   On December 18, 2000, a federal grand jury in the District of Rhode Island returned an indictment charging, inter alios, defendant-appellant Harry J. Burdick with conspiracy to commit carjacking and carjacking with death resulting.   See 18 U.S.C. §§ 371, 2119, 2119(3).   In due course, Burdick pled guilty to both counts pursuant to a plea agreement that pretermitted the possibility of a death sentence.

The district court convened the disposition hearing on October 8, 2002.   The court set Burdick's base offense level at 43. With a three-level reduction for acceptance of responsibility, USSG §3E1.1, the offense level dipped to 40.   Given his 14 criminal history points, the court placed him in criminal history category VI.   These determinations yielded a guideline sentencing range of 360 months to life imprisonment.   Burdick neither contested these calculations nor sought a downward departure.   The government, however, asked the court to depart upward (the presentence investigation report noted five possible bases for an upward departure).

During his allocution, Burdick stated:   "I want to say that I feel that I deserve life imprisonment.   I don't belong on the streets."   He then told the court that:   "I deserve the maximum sentence which is life in prison."   Burdick's counsel adopted the same stance, recommending the imposition of a life sentence.   The court denied the government's motion for an upward departure but

nonetheless granted Burdick's request for a life sentence (the highest sentence available within the applicable guideline range). The court concluded: "If I had the power to impose the death sentence, I would."

We need not tarry. On appeal, Burdick is represented by a new attorney. He does not challenge any of the district court's guideline computations; instead, he claims that he received ineffective assistance of counsel at sentencing. According to Burdick, this substandard performance consisted of (i) his original lawyer's failure to develop evidence concerning his mental status, and (ii) her willingness to recommend life imprisonment (the sentence that Burdick himself implored the court to impose).

This fact-specific claim has never been presented to the lower court. Consequently, it is premature. In United States v. Mala, 7 F.3d 1058 (1st Cir. 1993), we wrote:

> We have held with a regularity bordering on the monotonous that fact-specific claims of ineffective assistance cannot make their debut on direct review of criminal convictions, but, rather, must originally be presented to, and acted upon by, the trial court.

Id. at 1063. We explained the reason for the rule:

> Since claims of ineffective assistance involve a binary analysis — the defendant must show, first, that counsel's performance was constitutionally deficient and, second, that the deficient performance prejudiced the defense — such claims typically require the resolution of factual issues that cannot efficaciously be addressed in the first instance by an appellate tribunal.

<u>Id.</u> (citations omitted).  We then described the usual praxis for litigating such claims:

> When faced with similar situations in comparable cases, we have routinely dismissed the relevant portion of the appeal without prejudice to the defendant's right to litigate his ineffective assistance claim through the medium of an application for post-conviction relief.

<u>Id.</u>

Although we have made an occasional exception in cases in which the record is fully developed on all aspects of the ineffective assistance claim, <u>see</u>, <u>e.g.</u>, <u>United States</u> v. <u>Natanel</u>, 938 F.3d 302, 309 (1st Cir. 1991), the <u>Mala</u> rule has for the most part been followed assiduously.  <u>See</u>, <u>e.g.</u>, <u>United States</u> v. <u>Martinez-Vargas</u>, 321 F.3d 245, 251 (1st Cir. 2003); <u>United States</u> v. <u>Genao</u>, 281 F.3d 305, 313 (1st Cir.), <u>cert.</u> <u>denied</u>, 123 S. Ct. 216 (2002); <u>United States</u> v. <u>Hoyle</u>, 237 F.3d 1, 8 (1st Cir.), <u>cert.</u> <u>denied</u>, 122 S. Ct. 343 (2001); <u>United States</u> v. <u>Ademaj</u>, 170 F.3d 58, 64 (1st Cir. 1999).  Indeed, the Supreme Court recently placed its imprimatur on this approach.  <u>See</u> <u>Massaro</u> v. <u>United States</u>, 123 S. Ct. 1690, 1692-96 (2003).

We follow the <u>Mala</u> rule here.  The narrow exception to it is plainly inapposite because there has been no development of a number of material facts.  On the present record, it is impossible to gauge what investigation defense counsel undertook, what further investigation (if any) might have been appropriate, what benefit

-4-

such further investigation might have yielded, or what interactions between Burdick and his attorney might have influenced the sentencing recommendation.

We need go no further. We affirm the judgment below, without prejudice, however, to appellant's right to raise his claim of ineffective assistance of counsel in a post-conviction relief proceeding brought pursuant to 28 U.S.C. § 2255. We intimate no view as to the outcome of any such proceeding.

**It is so ordered**.