**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 08-1421

UNITED STATES OF AMERICA,

Appellee,

v.

ADALBERTO CARRASQUILLO-CARMONA, A/K/A TITÓN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Boudin, Selya and Stahl, Circuit Judges.

José R. Olmo-Rodríguez on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney (Chief, Appellate Division), and Luke Cass, Assistant United States Attorney, on brief for appellee.

July 31, 2009

**SELYA**, **Circuit Judge**.  A jury found defendant-appellant Adalberto Carrasquillo-Carmona guilty of carjacking a motor vehicle with intent to cause death or serious bodily injury.  See 18 U.S.C. § 2119(2).  The district court imposed a 108-month incarcerative sentence.  This timely appeal followed.

We start with the relevant factual and procedural background.  The government proved at trial that on November 13, 2005, the appellant had a chance encounter with a family friend and distant relative, Justo Pérez García, at a car wash.  The friend, familiarly known as "Poto," gave the appellant a ride home after the pair made a long, wet stop at a bar.  Near the end of the trip, the appellant attacked Poto with a lug-wrench, stole Poto's vehicle, and drove away.  The caper ended when the appellant crashed into a church and abandoned the wrecked car.

Poto subsequently filed a complaint with the Federal Bureau of Investigation.  In short order, the appellant was arrested; waived his Miranda rights, see Miranda v. Arizona, 384 U.S. 436, 444 (1966); and made a number of incriminating statements.  Eventually, he wrote and signed a full confession.

In due course, a federal grand jury indicted the appellant for carjacking.  After his counsel moved unsuccessfully to suppress the confession and other inculpatory statements on grounds not relevant here, the appellant went to trial.  The jury found him guilty.  The district court sentenced him at the bottom

of the applicable guideline sentencing range (GSR): 108 months in prison.

The appellant's principal claim of error is premised on the allegedly ineffective assistance provided by his trial counsel. This claim focuses on counsel's failure to offer into evidence at the suppression hearing a report of a neuropsychological evaluation. The report, prepared at the behest of trial counsel, discloses that the appellant has an intelligence quotient (IQ) of 62 — an IQ in the mentally retarded range — and that he suffers from "mild to moderate" cognitive impairments.

Before us, the appellant points out that voluntariness was a sine qua non to the admissibility of his confession and other statements at trial. Building on this foundation, he argues that trial counsel's failure to introduce this report constituted ineffective assistance because that report reflected adversely on the voluntariness of his confession and other statements.

The standard for gauging claims of ineffective assistance of counsel is familiar. See, e.g., Strickland v. Washington, 466 U.S. 668, 686-87 (1984); Ouber v. Guarino, 293 F.3d 19, 25 (1st Cir. 2002). The proponent must show both sub-par performance on counsel's part and substantial prejudice attributable thereto. Strickland, 466 U.S. at 687; Ouber, 293 F.3d at 25.

Here, however, we do not reach the merits of the appellant's claim. "We have held with a regularity bordering on

the monotonous that fact-specific claims of ineffective assistance cannot make their debut on direct review of criminal convictions, but, rather, must originally be presented to, and acted upon by, the trial court." United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993) (collecting cases). This prudential principle rests on the truism that "the trial judge, by reason of his familiarity with the case, is usually in the best position to assess both the quality of the legal representation afforded to the defendant in the district court and the impact of any shortfall in that representation." Id.

The case at hand is a poster child for the application of this prudential principle. The record, as presently constituted, leaves too much to the imagination.

For one thing, the record does not offer any real guidance as to the crucial question of why the appellant's trial counsel decided not to present either the report or its author at the suppression hearing. At this point, it is impossible to tell, except through speculation and surmise, whether counsel's decision was a strategic choice or an oversight.

For another thing, the record is equally undeveloped as to prejudice. Assuming, for argument's sake, that the failure to raise the question of mental capacity at the suppression hearing betokened deficient performance, we cannot tell, short of conjecture, whether that failure prejudiced the appellant's

-4-

substantive rights.  After all, while the appellant is correct that voluntariness is a sine qua non to the admissibility of a confession, Colorado v. Connelly, 479 U.S. 157, 167 (1986), an assessment of voluntariness requires an appraisal of the totality of the circumstances.  See United States v. Marshall, 348 F.3d 281, 286 (1st Cir. 2003).  The district court's views about the effect of the report on the totality of the circumstances (and, thus, on the court's finding of voluntariness) is essential to a reasoned determination of the prejudice prong of the Strickland test.

In an effort to blunt the force of this reasoning, the appellant urges us to invoke the rarely used exception to the principle that claims of ineffective assistance must make their debut in the district court.  That exception applies "when the critical facts are not in dispute and the record is sufficiently developed to allow reasoned consideration of the claim."  Mala, 7 F.3d at 1063.

The appellant has not satisfied these criteria.  The record is not fully fleshed out, and only the district court — not this court — has the institutional competence to gather the needed supplementation.  See United States v. Moran, 393 F.3d 1, 10-11 (1st Cir. 2004).

Given the gaps in the record and the myriad uncertainties that exist, the ineffective assistance of counsel claim must be resolved on a better-developed record.  See, e.g., id. (declining

to hear a claim of ineffective assistance, raised for the first time on appeal, when the record was unclear as to whether counsel's challenged decision when made, "was a calculated stratagem or a mere oversight"). Thus, we have no principled choice but to dismiss this assignment of error. We do so, however, without prejudice to the appellant's pursuit of his ineffective assistance claim through a petition filed in the district court under 28 U.S.C. § 2255. Moreover, because we believe that the appellant has articulated a facially plausible claim of ineffectiveness, we advise the district court that, if such a petition ensues, the appointment of counsel would be warranted.[1] See 18 U.S.C. § 3006A(a)(2)(B) (stipulating that, if "the interests of justice so require, representation may be provided for a financially eligible person" seeking relief under section 2255); see also Mala, 7 F.3d at 1063-64 (delineating criteria for such appointments).

The appellant's remaining ground of appeal is a claim of sentencing error, which also relates to his mental retardation. He contends that, had the district court given due weight to his diminished mental capacity, it would have sentenced him below the bottom of the GSR. See USSG §5K2.13 (providing that diminished mental capacity may serve as a basis for a downward departure).

---

[1] This is in no way a finding on the merits but, rather, an acknowledgment that the appellant has limned a colorable claim.

To begin, this argument is procedurally defaulted: the appellant makes it for the first time in this court. The government asserts that this omission amounts to a waiver.

Based on the record, waiver is not an implausible conclusion. During the disposition hearing, the district court specifically inquired whether the appellant had any objections to the findings set out in the presentence investigation report (PSI Report). Defense counsel replied in the negative, even though the PSI Report made no reference either to the appellant's IQ or to his mental retardation. In somewhat the same vein, counsel never moved for a downward departure on any ground approximating diminished mental capacity. This background might well support a finding of waiver. See, e.g., United States v. Rodríguez, 311 F.3d 435, 437 (1st Cir. 2007) (differentiating between waiver and forfeiture and finding a waiver).

We need not decide that question. As framed, the appellant's argument boils down to a complaint that the sentencing court should have departed sua sponte. We confronted just such an argument, in a nearly identical posture, in United States v. Rodríguez-Castillo, 350 F.3d 1 (1st Cir. 2003).[2] There, we discussed the possibility of waiver but assumed instead, favorably

---

[2] The facts in the instant case are even stronger in favor of waiver than those in Rodríguez-Castillo. Here, the appellant's counsel affirmatively accepted the findings contained in the PSI Report.

to the appellant, that the failure to raise the argument was merely a forfeiture. Id. at 5-6. Thus, we afforded review for plain error. Id. at 6. We follow that lead and apply the plain-error standard here.

To satisfy this standard, the appellant must show: "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). This standard is not appellant-friendly. "A party who aspires to demonstrate plain error faces a steep uphill climb." United States v. Jiménez, 512 F.3d 1, 3 (1st Cir. 2007).

The appellant's case fails to clear any of the four hurdles that collectively comprise the plain-error standard. Because an appellant must satisfy all four of the prescribed elements to establish plain error, Duarte, 246 F.3d at 60, it suffices for present purposes to discuss only the first two elements (which typically are conjoined).

The record makes manifest that at no point during the disposition hearing did the sentencing court disregard or ignore evidence describing a diminished mental capacity or suggesting the appellant's retardation. To the contrary, the court scrupulously considered the appellant's personal characteristics as illuminated by the record, including his history of drug abuse. The court also

weighed the appellant's contention that his particular crime was atypical. Given that departures from a properly calculated GSR are discretionary, see, e.g., United States v. Quiñones-Medina, 553 F.3d 19, 24 (1st Cir. 2009), we cannot find any error — let alone clear or obvious error — in the district court's failure to depart sua sponte from the GSR. See Rodríguez-Castillo, 350 F.3d at 5-6. Accordingly, we reject the appellant's claim of sentencing error.[3]

We need go no further. For the reasons elucidated above, we affirm the judgment appealed from, without prejudice to the appellant's right to raise claims of ineffective assistance of counsel in a separate proceeding brought pursuant to 28 U.S.C. § 2255.

**Affirmed**.

---

[3] We take no view on whether the appellant, as part of a claim of ineffective assistance of counsel in a subsequent section 2255 petition, may allege that trial counsel's failure to raise diminished mental capacity as a ground for either a departure or a variance at sentencing constituted ineffective representation.