**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2670

UNITED STATES OF AMERICA,

Appellee,

v.

WILLIAM LELAND,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Selya, Circuit Judge,
Siler,** Senior Circuit Judge,
and Howard, Circuit Judge.

Robert M. Napolitano for appellant.
F. Mark Terison, Senior Litigation Counsel, with whom Paula D. Silsby, United States Attorney, was on brief, for appellee.

September 22, 2006

*Of the Sixth Circuit, sitting by designation.

**Per Curiam**.  In a second superseding indictment, a federal grand jury in the District of Maine charged defendant-appellant William Leland with commission of an array of federal controlled substance and firearms offenses.  See 21 U.S.C. §§ 841(a)(1), 846; 18 U.S. C. §§ 922(g)(1), 924(a)(2).  On January 27, 2004, pursuant to the terms of a plea agreement that called for the government to move to dismiss one count of the indictment, the appellant entered guilty pleas to the remaining counts.

Almost a year later, in a motion filed on January 19, 2005, the appellant sought to withdraw his guilty pleas. Following a hearing, the district court, in a well-reasoned rescript, denied the motion.  United States v. Leland, 370 F. Supp. 2d 337, 339-47 (D. Me. 2005) (concluding, inter alia, that the movant lacked a fair and just reason for his plea-withdrawal request).  On October 27, 2005, the court sentenced the appellant to serve a 252-month incarcerative term.  This appeal followed.

We have long adhered to the view that when a trial court accurately sizes up a case, applies the proper legal rules, and articulates a persuasive rationale, "an appellate court should refrain from writing at length to no other end than to hear its own words resonate."  Lawton v. State Mut. Life Assur. Co., 101 F.3d 218, 220 (1st Cir. 1996); accord, e.g., Cruz-Ramos v. P.R. Sun Oil Co., 202 F.3d 381, 383 (1st Cir. 2000); Ayala v. Union de Tronquistas, Local 901, 74 F.3d 344, 345 (1st Cir. 1996); Holders

Capital Corp. v. Cal. Union Ins. Co. (In re San Juan Dupont Plaza Hotel Fire Litig.), 989 F.2d 36, 38 (1st Cir. 1993). This case fits snugly within the confines of that principle. Accordingly, we affirm the judgment below for essentially the reasons elucidated in the district court's meticulous analysis of the plea-withdrawal request.

There is one loose end. On appeal — unlike in the lower court — the appellant claims that his former attorney provided ineffective assistance of counsel. A threshold problem stands in the way of this Sixth Amendment challenge: no such claim was advanced below. This court has ruled "with a regularity bordering on the monotonous [that] claims of ineffective assistance cannot make their debut on direct review." United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993). While the Mala rule admits of a narrow band of exceptions applicable to cases in which "the critical facts are not genuinely in dispute and the record is sufficiently developed to allow reasoned consideration" of a freshly minted ineffective assistance claim, United States v. Soldevila-Lopez, 17 F. 3d 480, 485 (1st Cir. 1994) (quoting United States v. Natenel, 938 F.2d 302, 309 (1st Cir. 1991)), this appeal plainly falls outside the compass of that band of exceptions. We therefore reject the appellant's ineffective assistance claim as premature, without prejudice, however, to his right to raise that claim,

should he so desire, in a petition for post-conviction relief under 28 U.S.C. § 2255.

We need go no further. Having perused the briefs with care, entertained oral argument, and canvassed the record in its entirety, we find fully supportable the district court's conclusion that no fair and just reason exists sufficient to justify withdrawal of the appellant's guilty pleas. Consequently, we affirm the judgment below, without prejudice, however, to the appellant's right to press his ineffective assistance of counsel claim in a collateral proceeding, as described above.

**Affirmed**.