**UNITED STATES of America**

v.

**William LELAND.**

No. 1:03–cr–00033–JAW–01.

United States District Court, D. Maine.

Jan. 4, 2012.

Daniel J. Perry, Margaret D. McGaughey, U.S. Attorney's Office District of Maine, Portland, ME, for United States of America.

William Leland, Fort Dix, NJ, pro se.

Robert M. Napolitano, Portland, ME, for William Leland.

## ORDER ON MOTION TO AMEND PRESENTENCE REPORT

JOHN A. WOODCOCK, JR., Chief Judge.

William Leland returns, this time to ask the Court to amend the Presentence Investigation Report (PSR) to eliminate what he terms "Ghost Drugs," namely drugs possessed by other people, that he says were attributed to him at his sentencing. *Pet. to Am. Presentence Investigation Report* (Docket # 382) (*Leland Pet.*). He says that because of the quantity of the "Ghost Drugs" in the PSR, the "Court has put a *'Greatest Severity'* label on Petitioner" and that "[b]ecause of this 'Greatest Severity' label, Petitioner cannot proceed to his next level in the federal prison system, which is to a camp." *Id.* at 2. He maintains that he has been a "model prisoner" and a federal prison camp would be "closer to home." *Id.* at 3. Mr. Leland also reiterates his earlier complaint that the Court sentenced him to a prison term in violation of his plea agreement. *Id.* at 1–3. The Government briefly responded on December 8, 2011. *Gov't's Resp. to Pet. to Am. Presentence Investigation Report* (Docket # 383) (*Gov't's Resp.*).

█ Regarding his contention that he was unlawfully sentenced in violation of the plea agreement, Mr. Leland has previously raised this question in a variety of forms and the Court and the First Circuit Court of Appeals have previously rejected it. *Leland v. United States*, No. 07–10–B–W, *Recommended Decision on 28 U.S.C. § 2255 Mot.* (Docket # 8); *Order on Pl.'s Mot. for Recusal and on Magistrate Judge's Recommended Decision* (Docket # 13) (*Recommended Decision*); *First Circuit Ct. of Appeals*, No. 07–2046, *J.* (Docket # 23); *Order Denying Def. William Leland's Pro Se Mot. for Sentence Reduction* (Docket # 354); *Order on Appl. For Leave to File a Second or Successive*

*Mot. to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 by a Prisoner in Fed. Custody* (Docket # 363); *Order Denying Mot. for Relief from Final J. Under Rule 60(b),(d)* (Docket # 371) (*Order Denying Relief*). On the question of Mr. Leland's plea agreement, the Court can do no better than what it has previously done. Simply put, the Court does not have the authority to alter his sentence.

■ Regarding his contention that he has been improperly classified based on the drug quantity in the PSR, there are two responses. First, the plea agreement that Mr. Leland entered into with the Government contained a provision regarding drug quantity:

> The parties agree to recommend that the Court find that the Base Offense Level pursuant to U.S.S.G. § 2D1.1 is 32 and that amount of narcotics and other illegal substances involved in all reasonably foreseeable acts or omissions of the defendant and other co-conspirators totals between 1,500 and 3,000 kilograms of marijuana on the drug equivalency table.

*Plea Agreement* at 4. At the sentencing hearing, in accordance with the plea agreement, the Court found that the drug quantity was between 1,500 and 3,000 kilograms of marijuana equivalence. *Tr. of Sentencing Hr'g* at 55 (Docket # 339). Thus, the Court's ruling on drug quantity was consistent with the terms of Mr. Leland's plea agreement.

■ In any event, if Mr. Leland wished to challenge the drug quantity assigned to him at the sentencing hearing, he should have raised that issue with the Court of Appeals for the First Circuit by direct appeal. He did not. *United States v. Leland,* 196 Fed.Appx. 9 (1st Cir.2006). Mr. Leland obliquely referred to drug quantity in his § 2255 petition but it was in the context of his allegation that his original attorney had failed to properly explain the significance of the plea agreement; it was not a direct attack on the calculations themselves. *See Recommended Decision* at 3–7. At this point, now over six years after the sentencing hearing itself, it is far too late to raise the question of drug quantity.

■ Mr. Leland is under a misimpression about the Court having classified him for Bureau of Prison (BOP) purposes. Under federal law, once the Court imposes a sentence, the BOP assumes legal authority over the prisoner. 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the [BOP] until the expiration of the term imposed, or until earlier released for satisfactory behavior...."). The Court does not have the authority to designate the place of imprisonment; the BOP does. 18 U.S.C. § 3621(b). The Court does not have the authority to classify a prisoner; the BOP does. 18 U.S.C. § 3621(b). In short, the Court cannot reclassify Mr. Leland because it did not classify him.

■ Mr. Leland is also incorrect that Julie P. Morse, the Deputy Chief U.S. Probation Officer, "has concluded that this Honorable Court has the jurisdiction to amend the P.S.I. in light of the Petitioner's situation." *Leland Pet.* at 4–5. The Court reviewed Deputy Chief Morse's September 19, 2011 letter and it nowhere says that the Court has the jurisdiction to amend the Presentence Report. *Gov't Resp.* Attach. 1 *Ltr. from Deputy Chief U.S. Probation Officer Julie P. Morse to William Leland* (Sept. 19, 2011). Deputy Morse does say that the Court has the authority at the sentencing hearing to resolve any objections that remain unresolved. *Id.* at 1–2. But she does not say that after a defendant has been sentenced, the Court retains the authority to revisit the report and rewrite it. *Id.* Even if she had said it

(which she did not), it would not make it true. The Court does not have that authority.

Again, the Court "remains encouraged by Mr. Leland's assurances that he has changed his ways and now stands ready to live a productive and law-abiding life;" however, as the Court has written earlier, "his rehabilitation will have to be its own reward." *Order Denying Relief* at 5–6.

The Court DENIES William Leland's Petition to Amend the Presentence Investigation Report (Docket # 382).

SO ORDERED.